**In re Thomas BURKE, Debtor.**

**LEISURE DEVELOPMENT INC., a California Corporation, Plaintiff/Appellee,**

v.

**Thomas BURKE, Defendant/Appellant.**

**BAP No. CC–88–1253 JPMo.**

**Bankruptcy No. SA–87–05605–JR.**

**Adv. No. SA88–0013JR.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Jan. 13, 1989.

Wilburn Smith, III, Law Offices of Wilburn Smith, Newport Beach, Cal., for defendant/appellant.

Nancy Lowe, Capretz & Kasdan, Irvine, Cal., for plaintiff/appellee.

Before JONES, PERRIS and MOOREMAN, Bankruptcy Judges.

## OPINION

JONES, Bankruptcy Judge:

The Debtor appeals a bankruptcy court order denying his motion to dismiss a dischargeability complaint. For the following reasons, we AFFIRM.

## FACTS

On September 14, 1987, the Debtor, Thomas Burke ("Debtor"), filed a Chapter 7 petition. On October 2, 1987, the bankruptcy court clerk issued an order setting the first meeting of creditors for November 3, 1987, and setting January 4, 1988 as the bar date for filing complaints to determine dischargeability pursuant to 11 U.S.C. § 523.

On October 13, 1987, the bankruptcy court clerk issued another order. This order set the first meeting of creditors for November 17, 1987, and set January 19,

1988 as the bar date for filing complaints to determine dischargeability. A third order was issued by the bankruptcy court clerk on October 22, 1987. That order provided:

Due to inadvertence and clerical error, a notice dated October 2, 1987 was mailed to creditors by mistake in the above entitled case. Therefore, this notification is to inform you that the notice is hereby vacated in its entirety.

On January 7, 1988, Appellee, Leisure Development Inc. ("Appellee"), filed a § 523 complaint against the Debtor. The Debtor filed a motion to dismiss Appellee's complaint, arguing that January 4, 1988 was the bar date, and that Appellee's complaint filed on January 7, 1988 was untimely.

The bankruptcy court denied the Debtor's motion to dismiss, holding that the October 2, 1987 notice had been vacated by the October 22, 1987 order and, therefore, the first date set for the first meeting of creditors was November 17, 1987. Accordingly, Appellee's complaint was timely filed. Alternatively, the court held that even if the complaint was not timely filed, applicable case law allows for some equitable discretion on the part of the bankruptcy court to relieve a party of errors induced by justifiable reliance on the action of a court. The Debtor timely appealed.

## DISCUSSION

### 1. *Interlocutory Order*

Although not raised by the parties, we first note that the denial of a motion to dismiss is an interlocutory order. *John E. Burns Drilling Co. v. Central Bank of Denver,* 739 F.2d 1489 (10th Cir.1984). Normally, such orders are not appealable as of right. However, pursuant to 28 U.S.C. § 158(a), we are authorized to grant leave to appeal an interlocutory order. Although the Debtor failed to file a motion for leave to appeal, Bankruptcy Rule 8003(c) provides for the consideration of a notice of appeal as a motion for leave to appeal. Pursuant to the standards set forth in 28 U.S.C. § 1292(b), we hereby grant review of this appeal in that it involves a controlling question of law as to which there is a substantial ground for difference of opinion, and an immediate appeal may materially advance the termination of litigation. Although § 1292(b) deals with appeals of interlocutory orders from district courts to courts of appeals, it is appropriate for this Panel to adopt such standards for appeals from the bankruptcy court. *See In re Price,* 79 B.R. 888, 889 (9th Cir.BAP 1987) and cases cited therein.

### 2. *Whether the bankruptcy court properly denied the Debtor's motion to dismiss Appellee's complaint as untimely*

Pursuant to Bankruptcy Rule 4007(c) a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523 must be filed not later than 60 days following the first date set for the meeting of creditors. It is well settled that this deadline is calculated from the first date set for the meeting of creditors, not from the first date the meeting of creditors is actually held. *In re Rhodes,* 61 B.R. 626, 629 (9th Cir.BAP 1986). Rule 4007(c) further provides that a party may move for an extension of the bar date "for cause". However, such a motion must be made before the deadline has expired. B.R. 4007(c). Bankruptcy Rule 9006 confers discretion upon a bankruptcy court to permit acts to be performed after the expiration of a time limit, if the party seeking the extension demonstrates that the lateness was the result of "excusable neglect". B.R. 9006(b)(1). However, that rule specifically states that a court may enlarge the time for taking action under Rule 4007(c) "only to the extent and under the conditions stated in [that] rule[ ]". B.R. 9006(b). Accordingly, it is well settled in this circuit that a bankruptcy court has no discretion to enlarge the time for filing a complaint to determine dischargeability if the request is made after the deadline has passed. *See, e.g., In re Hill,* 811 F.2d 484, 486 (9th Cir.1987); *In re Ricketts,* 80 B.R. 495, 496–97 (9th Cir.BAP 1987); *Price,* 79 B.R. at 890; *In re Rhodes,* 71 B.R. 206, 207 (9th Cir.BAP 1987); *Rhodes,* 61 B.R. at 629.

As set forth above, pursuant to the bankruptcy court's October 2, 1987 order, the first date set for the first meeting of credi-

718

tors was November 3, 1987, and the bar date for filing dischargeability complaints was set for January 7, 1988. The October 13, 1987 order established November 17, 1987 as the date for the first meeting of creditors, and January 19, 1988 as the last date for filing dischargeability complaints. The court's October 22, 1987 order vacated its October 2, 1987 order. Both below and on appeal, the Debtor contends that the October 13 and 22 orders should be disregarded because under applicable Ninth Circuit law, a bankruptcy court lacks the discretion to enlarge the time for filing dischargeability complaints. The Debtor also contends that because the deadline for filing § 523 complaints is calculated from the first date set for the first meeting of creditors, and not the date the meeting is actually held, Appellee's complaint filed on January 7, 1988 was untimely. For several reasons, we do not find the Debtor's arguments persuasive.

First, we agree with the bankruptcy court that because the October 22 order *vacated* the October 2 order, the first date set for the first meeting of creditors was November 17, 1987, not November 3, 1987. Accordingly, Appellee's complaint filed on January 7, 1988 was timely filed. We further disagree with the Debtor's contention that pursuant to Rules 4007(c) and 9006(b)(3) the bankruptcy court was not empowered to vacate its initial order. Federal Rule of Civil Procedure 60(a) (made applicable to bankruptcy cases by Bankruptcy Rule 9024) provides in relevant part:

> Clerical mistakes in judgments, orders, or other parts of the record and errors arising therein from oversight or omission may be corrected by the Court at any time of its own initiative or on the motion of any party and after such notice, if any, as the Court orders.

Fed.R.Civ.P. 60(a). The bankruptcy court's October 22, 1987 order specifically states that its October 2, 1987 order had been entered "[d]ue to inadvertence and clerical error." Neither Rule 4007(c) nor Rule 9006(b)(3) states that Fed.R.Civ.P. 60(a) does not apply in proceedings governed by those rules. Nor, in our view, should they be read as such.[1]

Moreover, the Debtor fails to note that in the Ninth Circuit and Bankruptcy Appellate Panel cases cited above, the courts held only that a bankruptcy court lacks the discretion to enlarge the time for filing complaints to determine dischargeability if the request is made *after* the initial 60 day deadline has passed. *See, e.g., Hill,* 811 F.2d at 486, *Ricketts,* 80 B.R. at 496–97. Even assuming, for purposes of argument, that the bankruptcy court below "extended" the dischargeability deadline when it vacated its first order, such "extension" was granted *before* the bar date set by the first order had passed. Accordingly, the bankruptcy court's actions did not run afoul of Rules 4007(c) and 9006(b)(3).

For the foregoing reasons, we AFFIRM the decision of the bankruptcy court.

---

1. We realize that this Panel has previously held that the interaction of Rules 4007(c) and 9006(b)(3) renders inapplicable Fed.R.Civ.P. 60(b), which empowers a Court to grant an extension of time upon a showing of excusable neglect. *See, e.g., Ricketts,* 80 B.R. at 496. We believe, however, that Rules 4007 and 9006(b)(3) cannot be read so as to preclude the application of Fed.R.Civ.P. 60(a), which empowers a Court to correct its own clerical mistakes.