In re Jeffrey E. WALDNER and Brenda K. Waldner, Debtors.

CARTAGE PACIFIC, INC., Appellant,

v.

Jeffrey E. WALDNER and Brenda K. Waldner, Appellees.

BAP No. WW–94–1564–MeOHa.
Bankruptcy No. 93–03849.
Adv. No. A93–05765.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Jan. 19, 1995.

Decided June 12, 1995.

Stephen D. Cramer, Seattle, WA, for appellant.

No appearance made for appellees.

Before MEYERS, OLLASON and HAGAN, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

The trial court dismissed the appellant's adversary action with prejudice, because the appellant had failed to serve the debtors within 120 days as required by Fed.R.Civ.P. 4(j).

We **AFFIRM.**

### II

### FACTS

Jeffrey E. Waldner and Brenda K. Waldner ("Debtors") were the sole shareholders, officers and directors of Waldner Enterprises, Inc. ("Waldner Enterprises"). Waldner Enterprises filed for Chapter 11 bankruptcy protection, listing Washington Utilities and Transportation Commission Permit No. CC–51083 ("Permit") as an asset of the estate.

On December 16, 1992, the Debtors sold the Permit to Cartage Pacific, Inc. ("Appellant"). According to the Appellant, the Debtors falsely asserted that the Permit was unencumbered and that they had full authority to transfer it to the Appellant. Relying upon these assertions, the Appellant paid the $25,000 purchase price to the Debtors. The Debtors failed to deliver the Permit.

On May 17, 1993, the Debtors filed for protection under Chapter 7 of the Bankruptcy Code. The deadline for filing adversary complaints was set at August 23, 1993. The bankruptcy petition listed the Debtors' street address in Bellevue, Washington and a post office box in Bellevue. On July 29, 1993, the Appellant filed a complaint to have its $25,000 claim determined nondischargeable under 11 U.S.C. § 523(a)(2).

Over the next several months, the Appellant made various attempts to serve the Debtor. The Appellant attempted to personally serve the Debtors by messenger in August 1993, at the street address listed on the petition. After several unsuccessful attempts, the process server concluded that the Debtors were attempting to evade service because, among other things, the Debtors had placed a notice on their door stating that they would not accept personal service. The Appellant attempted to serve the Debtors at a meeting of the creditors and through the Debtors' attorney. The Appellant also attempted to personally serve the Debtors at their new address listed on a Notice of Change of Address filed with the bankruptcy court. This, too, proved unsuccessful as the process server found the address to be for a private mail box company.

The Appellant requested in a letter to the trial court dated January 25, 1994 that the

court extend the time "before the trial or any other pretrial matters." The letter also sought a 60–day extension of time to establish personal service upon and clarify representation of the Debtors. This extension request was made almost six months after the Appellant filed its complaint. The trial court replied in a letter to counsel and the parties that it would "continue the matter" for 60 days. The letter did not address the requested 60–day extension of the deadline for service.

Finally, on March 4, 1994, 218 days after the Appellant filed its complaint, the Appellant successfully served the Debtors. The service was achieved by mailing the summons and complaint to the mailing address listed on the Debtors' bankruptcy petition.

The Debtors filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 4(j). The Appellant opposed the motion. After oral argument, the trial court dismissed the complaint with prejudice.

The Appellant appealed, contending that the trial court abused its discretion by failing to allow an extension of the 120–day period to complete service and by dismissing the complaint. The Appellant failed to provide the Panel with a transcript of the trial court hearing.

## III

### STANDARD OF REVIEW

■ An appellate court reviews the trial court's dismissal of a complaint pursuant to Fed.R.Civ.P. 4(j) for abuse of discretion. *Townsel v. Contra Costa County, Cal.,* 820 F.2d 319, 320 (9th Cir.1987).

## IV

### DISCUSSION

**A.** *Statutory background*

■ Fed.R.Bankr.P. 4007(c) imposes a 60–day limitation on the filing of an adversary complaint pursuant to 11 U.S.C. § 523(c). The purpose of this relatively short statute of limitations is to further both the prompt administration of the estate and fresh start goals of bankruptcy relief, allowing the debtor to enjoy finality and certainty of relief from financial distress as quickly as possible. *In re Santos,* 112 B.R. 1001, 1006 (9th Cir. BAP 1990). It allows all participants to make better informed decisions early in the proceedings. *In re Bucknum,* 105 B.R. 25 (9th Cir. BAP 1989), *aff'd,* 951 F.2d 204 (9th Cir.1991).

■ Once a creditor has filed a complaint, it must meet an additional deadline. Fed. R.Bankr.P. 7004 makes applicable Fed. R.Civ.P. 4(j), which requires that service of the summons and complaint be accomplished within 120 days. *In re Ted A. Petras Furs, Inc.,* 172 B.R. 170, 177 (E.D.N.Y.1994). Although Rule 4 was amended effective December 1, 1993, under Fed.R.Bankr.P. 7004(g), the subdivisions of Fed.R.Civ.P. 4 in effect on January 1, 1990 are applicable to bankruptcy proceedings, notwithstanding any subsequent amendments of Fed.R.Civ.P. 4. Thus, the earlier rule applies in the instant case.[1]

Rule 4(j) as it existed prior to the amendment indicated that where service is not made within 120 days of the filing of the complaint, the trial court shall dismiss the complaint unless the plaintiff shows "good cause" for the failure to timely serve. Courts routinely exercise their discretion in determining whether good cause has been demonstrated sufficiently.[2]

**B.** *Good cause*

■ The legislative history of the 1983 amendment of Rule 4 cites evasion of service as the sole example of good cause. 1982 U.S.Code Cong. & Ad.News 4434, 4446 n. 25. *See Wei v. State of Hawaii,* 763 F.2d 370, 371 (9th Cir.1985). Although the recent 1993 amendment is not applicable to bankruptcy

---

1. The 1993 amendment of Fed.R.Civ.P. 4 not only altered the rule's language, but also moved and renumbered subsections within the rule. The amendment moved the clause discussing the time limit for service from subsection (j) to subsection (m).

2. Under the 1993 amendment to Rule 4, trial courts now enjoy further discretion. The new version of the rule explicitly permits the court's use of discretion to extend the time for service even if the plaintiff fails to show good cause. *See* Fed.R.Civ.P. 4(m).

cases at this time, we may look to it for additional guidance on the meaning of good cause. The Notes of the Advisory Committee concerning the 1993 amendment list three examples of situations that might give rise to relief, including evasion of service.

Rather than expanding the list of circumstances which might justify a finding of good cause, courts have enunciated examples of circumstances which *do not* constitute good cause. In *Wei v. State of Hawaii,* the Ninth Circuit stated that inadvertence of counsel does not constitute good cause. Ignorance of the rule and its requirements and half-hearted attempts to serve the defendant do not constitute good cause either. *See Townsel v. Contra Costa County, Cal., supra,* 820 F.2d at 320 (ignorance of the rule); *Geiger v. Allen,* 850 F.2d 330, 333 (7th Cir.1988) (half-hearted attempts).

Courts also have added their own gloss to the rule. Several courts have noted that the burden of showing the existence of good cause is difficult. *In re Hollis and Co.,* 86 B.R. 152, 154 (E.D.Ark.1988); *In re DuFour,* 153 B.R. 853, 856 (D.Minn.1993). The Ninth Circuit rejected the argument that an action could be dismissed under Fed.R.Civ.P. 4(j) only if the plaintiff proved that it was prejudiced by the failure of service. *West Coast Theater Corp. v. City of Portland,* 897 F.2d 1519, 1528–29 (9th Cir.1990).

## C. *Good Cause Applied to the Instant Case*

The Appellant has failed to provide the Panel with a transcript of the hearing on the motion to dismiss, so we can only speculate about the bankruptcy court's reasons for dismissing the complaint.[3] The only reasonable assumption is that the court determined the Appellant had not shown good cause for its failure to timely serve the Debtors.

The Appellant contends that the Debtors' evasion of service constitutes good cause for the failure of personal service. On its face, the Appellant's argument appears to have merit. The record reveals some evidence

that the Debtors have attempted to evade service. Evasion of service was listed as an example of good cause in both the Congressional Record discussing the 1983 Amendment to Rule 4 and the 1993 Advisory Committee Notes to Rule 4.

However, the instant action contains another factor relevant to the issue of good cause. The Appellant easily could have served the Debtors on a timely basis by the earlier use of the customary bankruptcy practice of service by first class mail. Attorneys practicing in the bankruptcy courts are expected to know the rules regarding service. *In re Bloomingdale,* 137 B.R. 351, 354–55 (C.D.Cal.1991). The Appellant has not explained why it did not take advantage of service by mail until well past the deadline. It has demonstrated, at best, that the parties must share the blame for the failure of service.

■ Because good cause is not defined in Rule 4, courts must determine whether good cause has been shown on a case by case basis. *In re Reeves,* 127 B.R. 866, 868 (S.D.Cal.1991). A trial court's conclusion that the particular circumstances of an action do not support a finding of good cause is within the realm of the court's discretion. As an appellate court, we must not substitute our discretion for that of the trial court. Even when our decision might have differed from that of the trial court, we must respect both the confines of the applicable standard of review and the domain of the trial court. A trial court abuses its discretion when it rests its conclusions on clearly erroneous factual findings or an incorrect legal standard. *In re Hammer,* 112 B.R. 341, 345 (9th Cir. BAP 1990), *aff'd,* 940 F.2d 524 (9th Cir.1991). The Appellant has not shown that the trial court rested its decision on either of these improper bases. Accordingly, we find that the Appellant has failed to demonstrate that the trial court abused its discretion.

---

3. Bankruptcy Appellate Panel Rule 4(c) specifies that the appellant's excerpts of record should include the transcripts necessary for the Panel's review of the case, and states that the Panel is required to consider only those portions of the transcript included in the excerpts of record. In this case, the oral arguments and the trial court's oral findings and conclusions are necessary to the Panel's analysis of the alleged abuse of judicial discretion.

## V

### CONCLUSION

The Appellant has not shown that the bankruptcy court abused its discretion by dismissing the complaint for failure of service. We **AFFIRM** the court's dismissal of the adversary action.