**In re Leonard BERTAIN, Debtor.**

**Leonard BERTAIN, Appellant,**

**v.**

**Michael E. MITCHELL, Appellee.**

**BAP No. NC–97–1191–RyMeH.**
**Bankruptcy No. 96–42912 TR.**
**Adversary No. 96–04419 AT.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Sept. 18, 1997.

Decided Nov. 17, 1997.

Bonnie St. James, San Francisco, CA, for Appellant.

F. Paul Mousalam, Burbank, CA, for Appellee.

Before RYAN, MEYERS, and HAGAN, Bankruptcy Judges.

## OPINION

RYAN, Bankruptcy Judge.

Michael Mitchell ("Appellee") commenced an adversary proceeding (the "Adversary Proceeding") against Debtor Leonard Bertain ("Appellant"). The bankruptcy court dismissed the Adversary Proceeding because Appellee failed to attend a status conference. Appellee then filed a motion to vacate the dismissal (the "Motion to Vacate"), and Appellant countered with a motion to dismiss (the "Motion to Dismiss") because Appellee had failed to serve the summons (the "Summons") and the complaint (the "Complaint") on Appellant within the 120–day period required by Federal Rule of Bankruptcy Procedure ("FRBP") 7004(a), incorporating in part Federal Rule of Civil Procedure ("FRCP") 4.[1]

The bankruptcy court granted the Motion to Vacate and denied the Motion to Dismiss. Appellant appealed the bankruptcy court order denying the Motion to Dismiss. We AFFIRM the bankruptcy court.

## I.  FACTS

On July 18, 1996, Appellee commenced the Adversary Proceeding against Appellant. At the time of the filing of the Adversary Proceeding, FRBP 7004(a) required service of process on Appellant within 120 days of the filing of the Complaint.

On September 12, 1996, Appellee made an unsuccessful attempt to serve Appellant.[2] On November 8, 1996, nine days before the expiration of the 120–day period, the bankruptcy court dismissed the Adversary Proceeding for Appellee's failure to attend a status conference. On December 9, 1996, Appellee filed the Motion to Vacate. On December 27, 1996, Appellant filed the Motion to Dismiss.

On January 9, 1997, a hearing was held on the Motion to Vacate and the Motion to Dismiss. The bankruptcy court granted the Motion to Vacate and continued the Motion to Dismiss until February 20, 1997.

During the period between the two hearings, Appellee did not attempt to serve Appellant. Appellee later asserted that he believed that the time limit under FRBP 7004(a) was tolled until the February 20, 1997 hearing and that he still had nine days left to effect service.

On February 6, 1997, Appellee filed a motion to extend the time to file the Complaint (the "Motion to Extend") under FRBP 9006.

At the hearing on February 20, 1997, the court denied the Motion to Dismiss, finding "good cause" to extend the 120–day period required under FRBP 7004(a). The court stated that the confusion surrounding whether the continuance tolled the statute under FRBP 7004 established good cause because "a reasonable person could be confused by that." Transcript of Hearing on Motion to Dismiss at 10:5–6.

On March 13, 1997, the bankruptcy court entered its order granting the Motion to Vacate. It also entered its order denying the Motion to Dismiss.[3] On March 20, 1997, Appellant timely filed a notice of appeal of the order denying the Motion to Dismiss.[4]

## II.  ISSUES ON APPEAL

1. Whether this appeal is interlocutory.

2. Whether the bankruptcy court erred in denying the Motion to Dismiss the Adversary Proceeding.

---

1. FRBP 7004(a) states:

   **Summons; Service; Proof of Service.** Rule (m) F.R.Civ.P. applies in adversary proceedings. Personal service pursuant to Rule 4(e)-(j) F.R.Civ.P. may be made by any person *at least* 18 years of age who is not a party, and the summons may be delivered by the clerk to any such person.

   Fed. R. Bankr.P. 7004(a).

2. Appellee effected service of the Summons but did not include the Complaint, thus making service ineffective.

3. Neither order mentions the Motion to Extend.

4. In his opening brief, Appellant states that his notice of appeal was filed on May 20, 1997. If this was correct, this appeal would be untimely. However, a review of the bankruptcy court docket confirms that Appellant's notice of appeal was actually filed on March 20, 1997.

## III. STANDARD OF REVIEW

We review the bankruptcy court's findings of facts for clear error and the court's conclusions of law *de novo. Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park–Helena Corp.),* 63 F.3d 877, 880 (9th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 712, 133 L.Ed.2d 667 (1996) (citing *Sousa v. Miguel (In re United States Trustee),* 32 F.3d 1370, 1372 (9th Cir.1994)).

■ The interpretation and application of the Federal Rules of Bankruptcy Procedure is a question of law which is reviewed *de novo. Key Bar Inv., Inc. v. Cahn (In re Cahn),* 188 B.R. 627, 629 (9th Cir. BAP 1995).

## IV. DISCUSSION

A. *Although This Appeal Is Interlocutory. We Grant Appellant Leave To Appeal.*

■ Although not briefed by either party, we first note that this appeal is clearly interlocutory.[5] "[T]he denial of a motion to dismiss is an interlocutory order." *Leisure Dev. Inc. v. Burke (In re Burke),* 95 B.R. 716, 717 (9th Cir. BAP 1989) (citing *John E. Burns Drilling Co. v. Central Bank of Denver,* 739 F.2d 1489 (10th Cir.1984)). General-

ly, interlocutory orders are not appealable as of right.

■ However, under 28 U.S.C. § 158(a),[6] we may, at our discretion, grant leave to appeal an interlocutory order. *Travers,* 202 B.R. at 626. Although Appellant failed to file a motion for leave to appeal, FRBP 8003(c) allows us to treat Appellant's notice of appeal as a motion for leave to appeal. *Kashani,* 190 B.R. at 882; *Official Comm. of Unsecured Creditors v. Credit Lyonnais Bank Nederland, N.V. (In re NSB Film Corp.),* 167 B.R. 176, 180 (9th Cir. BAP 1994); *see also* Fed. R. Bankr.P. 8003(c). In considering whether to grant Appellant leave to appeal, we are guided by 28 U.S.C. § 1292(b).[7]

■ We grant Appellant's leave request because this appeal involves a controlling question of law as to which there is substantial ground for a difference of opinion, and an immediate appeal, if successful, would materially advance the termination of the underlying litigation. *See Burke,* 95 B.R. at 717; *Travers,* 202 B.R. at 626; *Kashani,* 190 B.R. at 882; *McDonald v. Sperna (In re Sperna),* 173 B.R. 654, 658 (9th Cir. BAP 1994).

---

5. "An interlocutory order is one which does not finally determine a cause of action, but instead decides only an intervening matter." *Travers v. Dragul (In re Travers),* 202 B.R. 624, 625 (9th Cir. BAP 1996) (citing *Kashani v. Fulton (In re Kashani),* 190 B.R. 875, 882 (9th Cir. BAP 1995)); *see also In re Eleccion,* 178 B.R. 807, 808 (9th Cir. BAP 1995). "To become final, the order must end the litigation or dispose of a complete claim for relief, leaving nothing for the court to do but execute the judgment." *Travers,* 202 B.R. at 625; *see also Elliott v. Four Seasons Properties (In re Frontier Properties, Inc.),* 979 F.2d 1358, 1362 (9th Cir.1992).

6. The relevant portion of 28 U.S.C. § 158(a) states:

 The district courts of the United States shall have jurisdiction to hear appeals
 (1) from final judgments, orders, and decrees;
 (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
 (3) with leave of the court, from other interlocutory orders and decrees;
 of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. . . .

28 U.S.C. § 158(a). Section 157(b) makes § 158(a) applicable to the Panel. *See* 28 U.S.C. § 157(b).

7. The relevant portion of 28 U.S.C. § 1292(b) states:

 When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order. . . .

28 U.S.C. § 1292(b).

 "Although § 1292(b) deals with appeals of interlocutory orders from district courts to courts of appeals, it is appropriate for this Panel to adopt such standards for appeals from the bankruptcy court." *Burke,* 95 B.R. at 717; *see also Lompa v. Price (In re Price),* 79 B.R. 888, 889 (9th Cir. BAP 1987), *aff'd,* 871 F.2d 97 (9th Cir.1989).

**B. The Bankruptcy Court Did Not Abuse Its Discretion In Denying The Motion To Dismiss.**

**1. At The Time The Bankruptcy Court Denied The Motion To Dismiss, FRBP 7004 Incorporated FRCP 4(m).[8]**

The facts in this appeal present an interesting procedural conundrum. When the Complaint was filed on July 18, 1996, FRBP 7004 incorporated FRCP 4 as it existed on January 1, 1990. See Fed. R. Bankr.P. 7004(g) (abrogated Dec. 1, 1996). Service of the Summons and Complaint, under FRCP 4 as of January 1, 1990, was governed by FRCP 4(j).[9]

However, FRBP 7004 was amended in 1996. These amendments took effect on December 1, 1996. Under these new amendments, FRBP 7004(g) was abrogated and FRBP 7004(a) was amended to incorporate post–1990 amendments to FRCP 4. Therefore, on January 9, 1997, when the bankruptcy court granted the Motion to Vacate, and on February 20, 1997, when the bankruptcy court denied the Motion to Dismiss, the relevant section of FRCP 4 that was made applicable to the Adversary Proceeding under FRBP 7004 was FRCP 4(m), and not FRCP 4(j).

The order of the United States Supreme Court enacting the 1996 amendments to the Federal Rules of Bankruptcy Procedure states:

> That the foregoing amendments to the Federal Rules of Bankruptcy Procedure shall take effect on December 1, 1996, and shall govern all proceedings in bankruptcy cases thereafter commenced and, **insofar as just and practicable, all proceedings in bankruptcy cases then pending.**

Order U.S. Supreme Court Enacting 1996 Amends. Fed. R. Bank. P., *reprinted in Norton Bankruptcy Law & Practice 2d:*

*Bankruptcy Rules,* cxxxiii (1996–97 ed.) (emphasis added).

The initial 120–day period would have expired before FRCP 4(m) was in effect for adversary proceedings; however, that period was tolled because the bankruptcy court had dismissed the case. Appellant could not serve the Summons and Complaint from a dismissed case. The bankruptcy court eventually decided the issue after FRCP 4(m) went into effect. Therefore, the just result here is to give Appellee the benefit of the doubt so that the Adversary Proceeding can be tried on its merits and not dismissed due to a procedural error.

**2. Under FRCP 4(m). The Bankruptcy Court Had The Discretion To Deny The Motion To Dismiss.**

The bankruptcy court denied the Motion to Dismiss because it found "good cause" pursuant to FRCP 4. As noted, at the time the bankruptcy court made its decision, FRBP 7004(a) incorporated FRCP 4(m) and allowed the court to "extend the time for service for an appropriate period" if "plaintiff shows good cause for failure [to timely serve]." Fed.R.Civ.P. 4(m).

What constitutes "good cause" is not specified in the rule. The "only example of good cause provided by the legislative history is the obvious one of a defendant's evasion of service." *Wei v. Hawaii,* 763 F.2d 370, 371 (9th Cir.1985). Thus, "courts must determine whether good cause has been shown on a case by case basis." *Cartage Pacific, Inc. v. Waldner (In re Waldner),* 183 B.R. 879, 882 (9th Cir. BAP 1995). "Courts routinely exercise their discretion in determining whether good cause has been demonstrated sufficiently." *Id.* at 881.

As noted, in 1993 Congress amended FRCP 4. The time provisions were moved

---

**8.** FRCP 4(m) states, in relevant part:

**Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the

plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.... Fed.R.Civ.P. 4(m).

**9.** In 1993, FRCP 4 was substantially amended. The relevant provisions governing service of the summons and complaint were moved from FRCP 4(j) to FRCP 4(m).

from subsection (j) to subsection (m). In interpreting post-amendment FRCP 4, we have previously held that "trial courts now enjoy further discretion. **The new version of [Rule 4] explicitly permits the court's use of discretion to extend the time for service even if the plaintiff fails to show good cause.**" *Id.* at n. 2 (emphasis added); *see also* Fed.R.Civ.P. 4(m).

In *Waldner,* we commented on the importance of respecting the trial court's discretion:

> As an appellate court, we must not substitute our discretion for that of the trial court. **Even when our decision might have differed from that of the trial court, we must respect both the confines of the applicable standard of review and the domain of the trial court.** A trial court abuses its discretion when it rests its conclusions on clearly erroneous factual findings or an incorrect legal standard.

*Waldner,* 183 B.R. at 882 (citing *In re Hammer,* 112 B.R. 341, 345 (9th Cir. BAP), *aff'd,* 940 F.2d 524 (9th Cir.1991) (emphasis added)).

Further, the advisory committee notes for the 1993 amendments to FRCP 4(m) specifically state:

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and **authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.... Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action,** or if the defendant is evading service or conceals a defect in attempted service.

Fed.R.Civ.P. 4(m) advisory committee's notes, 1993 amendments, *reprinted in Federal Civil Judicial Procedure and Rules* 52 (West 1997 ed.) (emphasis added).

Therefore, we do not reach the issue of whether Appellee demonstrated "good cause" to extend the 120-day time limit of FRBP 7004(a). The bankruptcy court had the dis-

cretion to deny the Motion to Dismiss. *See id.; Waldner,* 183 B.R. at 881.

■ "A trial court abuses its discretion when it rests its conclusions on clearly erroneous factual findings or an incorrect legal standard." *In re Hammer,* 112 B.R. 341, 345 (9th Cir. BAP 1990), *aff'd,* 940 F.2d 524 (9th Cir.1991). The bankruptcy court believed that the confusion surrounding the continuance justified denying the Motion to Dismiss. *See* Transcript of Hearing on Motion to Dismiss at 10:5–6. This is a valid basis for the bankruptcy court's exercise of its discretion in granting Appellee additional time to serve the Summons and Complaint and in denying the Motion to Dismiss.

3. *The Dismissal Of The Adversary Proceeding Justified Tolling The 120–Day Period Until The Dismissal Was Vacated.*

■ Appellant also argues that the bankruptcy court erred in tolling the 120-day period when the Adversary Proceeding was dismissed for Appellee's failure to attend a status conference. The Seventh Circuit addressed this issue in *Geiger v. Allen,* 850 F.2d 330, 332–33 (7th Cir.1988). In *Geiger,* the plaintiff's complaint was dismissed by the district court prior to the expiration of the 120–day period under FRCP 4(j). *Id.* Later, the district court reinstated plaintiff's action. *Id.* In holding that the 120–day period to serve the summons and complaint was tolled during the time the plaintiff's complaint was dismissed, the Seventh Circuit held:

> Under the language of Rule 4(j), the 120 days is counted from the "filing of the complaint." Geiger [plaintiff] filed her complaint on June 19, 1986; the district court dismissed the action ninety-eight days later, on September 25, 1986. **Of course, the 120–day period was tolled between the time that the action was dismissed and the date that the court reinstated the action, since no action was pending during that interval.**

*Id.* (emphasis added).

We find the Seventh Circuit's reasoning persuasive. Appellee could not serve Appellant with the Summons and the Complaint.

It would be unjust not to toll the 120–day period while the Adversary Proceeding was dismissed. Appellant does not cite any case in conflict with this result; therefore, the time period of FRCP 4(j) or 4(m) will not be so strictly interpreted.

The court's finding, that a reasonable person under the circumstances presented here could be misled, is not clearly erroneous. Given the particular facts of this case and based on the reasoning of the bankruptcy court as stated on the record, the bankruptcy court did not abuse its discretion when it denied the Motion to Dismiss.[10]

## V. CONCLUSION

Although this appeal is interlocutory, we grant Appellant leave to appeal. The bankruptcy court did not abuse its discretion in denying the Motion to Dismiss. Accordingly, we AFFIRM the bankruptcy court's order.

---

**10.** Although we base our holding on FRCP 4(m), even if we chose to apply FRCP 4(j) our holding would be the same. In *Waldner*, we stated that "[a]lthough the recent 1993 amendment is not applicable to bankruptcy cases at this time, we may look to it for additional guidance on the meaning of good cause." *Waldner*, 183 B.R. at 881–82. Therefore, even if we applied FRCP 4(j), we would be guided by FRCP 4(m), and would still find that the bankruptcy court acted within its discretion.