In re **GUY F. ATKINSON COMPANY OF CALIFORNIA, a Delaware corporation, ATKN Company, fka Guy F. Atkinson Company, a Nevada corporation, ATKN Holdings, Ltd., fka Guy F. Atkinson Holdings, Ltd., a Canadian federal corporation, Debtors.**

**Wells Fargo Bank, N.A., Appellant,**

v.

**Guy F. Atkinson Company of California, a Delaware corporation, doing business as ATKN Company of California; ATKN Company, formerly known as Guy F. Atkinson Company, a Nevada corporation; ATKN Holdings, Ltd., formerly known as Guy F. Atkinson Holdings, Ltd., a Canadian federal corporation; Official Committee of Unsecured Creditors of Guy F. Atkinson Company; Fidelity and Deposit Company of Maryland; and American International Group of Companies, Appellees.**

**BAP No. NC–99–1010–PLMe.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Sept. 23, 1999.

Decided Dec. 6, 1999.

---

G. Larry Engel, Thomas M. Peterson, Brobeck, Phleger & Harrison, LLP, San Francisco, CA, for Wells Fargo Bank.

Richard Willard, Steptoe & Johnson, LLP, Washington, DC, for Fidelity and Deposit Company of Maryland.

Before PERRIS, LAX,[1] and MEYERS, Bankruptcy Judges.

## OPINION

PERRIS, Bankruptcy Judge.

Appellant Wells Fargo Bank, N.A., as agent for itself, Bear Stearns & Co., Inc.

---

**1.** Hon. Kathleen T. Lax, Bankruptcy Judge for the Central District of California, sitting by designation.

and Cerberus Partners, LP (the banks), appeals from an order of the bankruptcy court authorizing appellees Fidelity and Deposit Company of Maryland and American International Group (the bonding companies) to negotiate and propose compromises of disputes with owners of debtors' bonded construction projects. The issue presented is under what circumstances, if any, the bankruptcy court can authorize a party other than the trustee [2] to compromise claims that are property of the estate. Although we agree with the bankruptcy court that it could authorize a party other than the trustee to settle such claims, we REVERSE and REMAND for the bankruptcy court to determine whether cause exists for such authorization and whether the bonding companies' interests and incentives in settling the claims are consistent with maximizing the estate for all creditors.

## FACTS

The banks loaned money to debtors Guy F. Atkinson Company of California, ATKN Company and ATKN Holdings, Ltd. (debtors), which are construction companies that act as general contractors on large construction projects. The banks assert that they have perfected security interests in all of debtors' assets, including contract receivables and choses-in-action. The bonding companies issued payment, performance and completion bonds to owners of construction projects undertaken by debtors. After debtors filed bankruptcy in August 1997, they continued to perform construction work on various bonded projects through January 31, 1998. Thereafter, pursuant to the bonds, the bonding companies took over the work on the construction projects to complete the work that debtors had not completed. As a result of the bonding companies' work on the projects, they assert an equitable subrogation claim for the costs of completion. They assert that the subrogation claim is senior to the banks' security interests in the proceeds of the projects.

Some bonded project owners owe debtors payment for work on the projects. In order to be able to resolve disputes regarding the amount owed, the bonding companies moved the bankruptcy court for authority to compromise and settle controversies with the bonded project owners without further order of the court, so long as the compromise resulted in recovery of not less than 50 percent of the amount of the claims against the owner. After a hearing on the banks' objection to this plan, the court entered an order authorizing the bonding companies to propose settlements of claims against bonded project owners, but only after following certain procedures. The bonding companies are required to inform the owners that any settlement is subject to the approval of the debtor's Responsible Officer [3] and the Executive Committee,[4] or the court. The bonding companies must convene a meeting of the Responsible Officer and Executive Committee and provide them with supporting documents for the settlement. If the Responsible Officer and Executive Committee approve the settlement in writing, the settlement will be deemed approved without further order of the court. If either the Responsible Officer or Executive Committee does not approve the settlement, the bonding companies may file a motion for court approval of the settlement. The settlement will then become effective only if the court approves it.

The banks appeal from this order, arguing that only the trustee has authority to

---

2. As used in this opinion, the term "trustee" includes the Chapter 11 debtor in possession. 11 U.S.C. § 1107(a).

3. The Responsible Officer was appointed to manage and represent the debtors' estates.

4. The Executive Committee was created to advise and consult with the Responsible Officer. It consists of one representative each from the banks, the bonding companies, the unsecured creditors' committee and debtor Guy F. Atkinson Company of California's board of directors.

compromise or settle disputes relating to property of the bankruptcy estate.

## ISSUES

1. Whether the order appealed from ·is final.

2. Whether, pursuant to Fed.R.Bankr.P. 9019,[5] the court may authorize an entity other than the trustee to negotiate and propose compromise and settlements of claims affecting property of the debtors' estates.

3. If Fed.R.Bankr.P. 9019 authorizes the court to permit an entity other than the trustee or debtor in possession to negotiate and propose settlements, whether the requirements for such authorization were met in this case.

## STANDARD OF REVIEW

■ The issues in this case relate to interpretation of Fed.R.Bankr.P. 9019. The panel reviews matters of rule interpretation *de novo. Schwarzschild v. Tse,* 69 F.3d 293, 295 (9th Cir.1995); *In re Bertain,* 215 B.R. 438, 441 (9th Cir. BAP 1997).

## DISCUSSION

1. *Finality*

■ The banks question whether the court's order authorizing the bonding companies to negotiate and propose settlements of bonded projects claims is final.

■ The panel may hear appeals only from "final judgments, orders and decrees," and, with leave of the panel, from interlocutory orders. 28 U.S.C. § 158(a), (b). The Ninth Circuit has adopted a pragmatic approach to finality in bankruptcy cases. Under that view, a bankruptcy order is final if it (1) resolves and seriously affects substantive rights, and (2) finally determines the discrete issue to which it is addressed. *In re Frontier*

*Properties, Inc.,* 979 F.2d 1358, 1363 (9th Cir.1992). In applying this approach, the appellate court should "avoid having a case make two complete trips through the appellate process." *Id.*

The order on appeal is final. It resolves and seriously affects substantive rights, in that it gives the bonding companies the authority to negotiate and propose settlements of claims held by the estate, and to compromise those claims without further order of the court if the affected parties agree. Thus, the interests of the banks and the debtor are affected, with the possibility that there will be no further court involvement. The order also finally determines the discrete issue to which it is addressed, which is whether the bonding companies have the authority to negotiate settlements of estate claims.

2. *Rule 9019*

■ Fed.R.Bankr.P. 9019 provides, in part:

(a) On motion by *the trustee* and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

(b) After a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize *the trustee* to compromise or settle controversies within such class or classes without further hearing or notice.

(Emphasis added.) The issue in this case is whether the court can authorize an entity other than the trustee to compromise claims belonging to the estate.

The rule provides that the court may approve a compromise or settlement "[o]n motion by the trustee." Subsection (b)

---

**5.** Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

provides that the court may authorize "the trustee" to compromise or settle classes of claims without further hearing or notice. Subject to certain limitations not relevant here, a debtor in possession "shall have all the rights ... and powers, and shall perform all the functions and duties ... of a trustee serving in a case under this chapter." 11 U.S.C. § 1107. Thus, the rule, read in combination with § 1107, allows either the trustee or the debtor in possession to propose settlements to the court for approval or, with prior court authorization, to settle and compromise classes of claims. Neither the rule nor the Bankruptcy Code addresses whether any other entity may propose or settle claims belonging to the estate.

Although the Ninth Circuit has not directly addressed the issue presented here, it has read language in the Bankruptcy Code that is similar to that contained in Rule 9019 to authorize action by parties other than the trustee or debtor in possession, under certain circumstances. For example, under §§ 544, 547 and 548, the trustee may avoid certain transfers. In *In re P.R.T.C., Inc.*, 177 F.3d 774, 781 (9th Cir.1999), the court noted that "[i]t is a well-settled principle that avoidance powers may be assigned to someone other than the debtor or trustee pursuant to a plan of reorganization[.]" (Quoting *In re Churchfield Mgmt. & Inv. Corp.*, 122 B.R. 76, 81 (Bankr.N.D.Ill.1990).) The court relied on *In re Professional Inv. Properties of Am.*, 955 F.2d 623, 626 (9th Cir. 1992), where the court had held that, "[i]f a creditor is pursuing interests common to all creditors or is appointed for the purpose of enforcement of the plan, he may exercise the trustee's avoidance powers."

In *In re Sufolla, Inc.*, 2 F.3d 977 (9th Cir.1993), the court recognized the right of a creditors' committee to initiate a prefer-ence action under § 550, which provides that "a trustee may recover, for the benefit of the estate," property preferentially transferred pursuant to § 547. The court held that "a qualified implied authorization exists under 11 U.S.C. § 1103(c)(5)" to pursue that claim.[6] 2 F.3d at 979 n. 1.

The Ninth Circuit similarly has applied a flexible approach to standing to pursue claims for surcharges under § 506(c). That subsection provides that

> [t]he trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.

In *In re Palomar Truck Corp.*, 951 F.2d 229, 232 (9th Cir.1991), the court held that, where the trustee had no economic incentive to seek recovery under § 506(c), "[n]o compelling policies" would be served by reading § 506(c) restrictively to preclude third parties from invoking § 506(c). The court concluded that "standing need not be limited to trustees and debtors in possession." *Id.*[7]

The BAP has followed the same approach. We have held that the unsecured creditors' committee can maintain an action for violation of the automatic stay. *In re Spalding Composites Co., Inc.*, 207 B.R. 899, 903 (9th Cir. BAP 1997) ("It is well settled that in appropriate situations the bankruptcy court may allow a party other than the trustee or debtor-in-possession to pursue the estate's litigation[;]" we concluded that the debtor in possession could stipulate to representation by the unsecured creditors' committee, so long as the action was brought on behalf of the estate). We have also held that a creditor has standing to pursue a fraudulent transfer claim under § 548 if the creditor receives

---

**6.** Section 1103(c)(5) provides that a creditors' committee may "perform such other services as are in the interest of those represented."

**7.** The United States Supreme Court has granted certiorari in an Eighth Circuit case that limited standing under § 506(c) to the trustee. *In re Hen House Interstate, Inc.*, 177 F.3d 719 (8th Cir.1999), *cert. granted,* —— U.S. ——, 120 S.Ct. 444, 145 L.Ed.2d 361 (1999).

court approval before filing a complaint, which must be brought in the name of the bankruptcy estate. *In re Curry and Sorensen, Inc.*, 57 B.R. 824, 828 (9th Cir. BAP 1986).

We conclude that interpreting Rule 9019 as restricting negotiation of compromises and settlements to the trustee and debtor in possession is contrary to the reading the Ninth Circuit and other panels of this BAP have given to similar language in other parts of the Bankruptcy Code. Under those precedents, the court may, under appropriate circumstances discussed below, authorize an entity other than the trustee or debtor in possession to pursue settlement of claims of the estate.

### 3. *Requirements for authorization under Rule 9019*

■ The authority to allow an entity other than the trustee to negotiate and propose settlements is not unlimited. Two prerequisites must be met before an entity other than the trustee is empowered to settle claims on behalf of the estate. First, as the bonding companies acknowledge, the Ninth Circuit has allowed individual creditors to act in lieu of the trustee

"when sufficient reason exists[.]" *Palomar Truck Corp.*, 951 F.2d at 231. Sufficient reason has been found to exist when the creditor is pursuing interests common to all creditors, *P.R.T.C., Inc.*, 177 F.3d at 781; *Professional Inv. Properties of Am.*, 955 F.2d at 626; where the third party is appointed for the purpose of enforcement of the plan, *Professional Inv. Properties of Am.*, 955 F.2d at 626; where the trustee has no economic incentive to pursue a claim,[8] *Palomar Truck Corp.*, 951 F.2d at 232; or where the trustee or debtor in possession has failed to fulfill the duty to prosecute actions on behalf of the estate. *Curry and Sorensen, Inc.*, 57 B.R. at 828.[9]

Second, when an entity is pursuing a claim other than a § 506(c) claim, the entity's interests and incentives in settling the claims must be consistent with maximizing the estate for all creditors. At its base, the approval of a settlement turns on the question of whether the compromise is in the best interest of the estate. *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir.1986); *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D.Pa.1986). The trustee and debtor in possession, as fiduciaries on behalf of the creditors of the estate, *see In re Martin*, 91 F.3d 389, 394

---

8. Generally when the trustee has no economic incentive to pursue a claim, the trustee abandons the claim pursuant to 11 U.S.C. § 554. An exception to this general approach exists with respect to § 506(c) claims, which arise by virtue of the Bankruptcy Code and which would be difficult to pursue outside the bankruptcy court.

9. The cases the bonding companies cite for the proposition that Fed.R.Bankr.P. 9019 allows entities other than the trustee or debtor in possession to seek court approval of settlements do not assist them. In *In re Mavrode*, 205 B.R. 716, 719 (Bankr.D.N.J.1997), the court recognized that Rule 9019 requires the trustee to bring the motion for approval of a settlement, but concluded that such a requirement was not necessary in that case, because the trustee had been given notice and had not objected to the settlement, and the settlement did not have an impact on the estate. That holding is inconsistent with Ninth Circuit precedent, which requires more than a trustee's lack of objection to constitute sufficient cause, and is therefore inapplicable in this case.

The bankruptcy court in Pennsylvania allowed the creditors' committee to propose a settlement for court approval and concluded that it would defer to the committee's judgment with regard to the settlement, based on the committee's "fiduciary obligation to their constituency and given the statutory role to study and decide issues such as this[.]" *In re Walnut Equip. Leasing Co.*, 1999 WL 288651 (Bankr.E.D.Pa.1999). The court did not explain how allowing the committee to pursue the settlement met the requirements of Rule 9019. Further, unlike in that case, the bonding companies in this case do not have any statutory duty to represent the interests of other creditors.

Finally, the bonding companies cite *In re Fox*, 232 B.R. 229 (Bankr.D.Kan.1999), in which the debtor filed a motion to approve a compromise. The court never ruled on that motion, but deferred it until a later date. It never dealt with the issue of whether the debtor had standing to bring the motion.

These cases do not address the Ninth Circuit's precedent, by which we are bound.

(3d Cir.1996), have the obligation and are in the best position to negotiate settlements that will best serve the interests of all the creditors. *See* § 704 (duties of trustee). An entity that is authorized to act in the trustee's stead in negotiating and proposing settlements should have similar loyalties and duties.

█ In this case, the bankruptcy court failed to apply the legal standard for determining whether the bonding companies rather than the trustee or debtor in possession should be authorized to pursue settlements with the bonded project owners.[10] Although the bonding companies and the banks argue on appeal whether those standards have been met, primarily whether the bonding companies have an incentive to seek a compromise that will be of benefit to creditors other than themselves, that is an argument that should be made first to the bankruptcy court, which is in a better position to assess the relative interests of the parties. Accordingly, this case must be remanded for the court to make that determination.

## CONCLUSION

The bankruptcy court erred in authorizing the bonding companies to pursue settlements on behalf of the estate without considering whether there was sufficient reason to allow a party other than the trustee or debtor in possession to pursue those settlements and, if so, whether the bonding companies meet the criteria for becoming the trustee substitute. Therefore, we REVERSE the order authorizing the bonding companies to compromise the claims of bonded project owners and REMAND for the court to make those determinations.

---

10. The carefully crafted settlement review process involving debtors' Responsible Officer and the Executive Committee is not a substitute for having an appropriate party authorized to negotiate settlements in the first instance. The reviewing parties have limited time and information. The party with the opportunity to negotiate the settlement in the first instance is likely to greatly influence the outcome of the negotiations.