**In re Robert Michael WADSWORTH and Beverly Joy Wadsworth, Debtors.**

**Vaclar JAVUREK and Sharon Lee Javurek, Appellants,**

v.

**Robert Michael WADSWORTH and Beverly Joy Wadsworth, Appellees.**

Bankruptcy No. 92–22656–7.
Adversary No. 92–7053.
Civil Action No. 95–2411–GTV.

United States District Court, D. Kansas.

Sept. 27, 1996.

Jill A. Michaux, Neis & Michaux, P.A., Topeka, KS, for debtors.

Charles S. Scott, Jr., Chionuma & Associates, P.C., Kansas City, MO, for appellants.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This case comes before the court on an appeal from an order of the bankruptcy court

dismissing Appellants' adversary complaint against Debtors for insufficient service of process. The court, having reviewed both the briefing of the parties and the record on appeal, is now prepared to rule. The decision of the bankruptcy court is affirmed.

### I. Factual Background

Debtors Robert Wadsworth and Beverly Joy Wadsworth filed a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the District of Kansas on December 23, 1992. On March 31, 1993, Appellants Vaclar Javurek and Sharon Lee Javurek filed an adversary complaint in that court seeking to deny the discharge of a $127,389 California superior court judgment they had obtained against the Wadsworths in November 1992.

The Javureks served the complaint on the Wadsworths' counsel but did not serve it upon the Wadsworths themselves. On April 30, 1993, the Wadsworths filed a motion to dismiss the complaint for, *inter alia*, insufficient service of process, pursuant to Fed. R.Civ.P. 12(b)(5). The Javureks filed a response to the Wadsworths' motion on June 4, 1993, but did not address the service of process issue.

The bankruptcy court held a hearing on the Wadsworths' motion on July 21, 1993. At the conclusion of the hearing, Bankruptcy Judge Flannagan took the motion under advisement and directed all parties to submit briefs addressing whether the adversary complaint should be dismissed for service of process deficiencies. Later that same day, the court initiated a phone conference with counsel for all parties. Although no transcript of this conference was made, the court's "Journal Entry and Order" of September 11, 1995 noted that the purpose of the July 21, 1993 conference was "to clarify that [the] 120 days [time limit for effectuating service] had *not* expired but would expired [sic] on July 29, 1993."

The Javureks finally served the Wadsworths with a summons and complaint on August 10, 1993, approximately 132 days after originally filing the adversary complaint.

Two days later, on August 12, 1993, the Javureks filed a "Second Response to Defendants' Motion to Dismiss," offering two excuses for not timely serving process upon the Wadsworths. First, they suggested that they had misinterpreted Bankruptcy Rule 7004(b)(9) to require service of an adversary complaint only upon a debtor's attorney. Second, they contended that they had relied in good faith on statements, allegedly made by Judge Flannagan during the July 21, 1993 phone conference, that the time for serving process had already expired.

The bankruptcy court conducted a second hearing on the Wadsworths' motion on September 2, 1993. At the conclusion of the hearing, the court kept the matter under advisement and ordered all parties to submit additional briefing on the service issue. The Javureks did not respond to the court's directive.

The bankruptcy court then held a third hearing on the motion on March 15, 1994. The court indicated that it was leaning toward dismissing the adversary complaint, but invited all parties to submit additional briefing on the service issue. The Javureks again did not respond to the court's offer.

On August 10, 1995, in open court, Judge Flannagan dismissed the adversary complaint for insufficient service of process. The court memorialized its decision in a "Journal Entry and Order" on September 11, 1995. The Javureks now challenge that order.

### II. Standard of Review

■ In reviewing decisions of the bankruptcy court, the district court must accept the factual findings of the bankruptcy court unless they are clearly erroneous, but must review the bankruptcy court's legal conclusions de novo. *In re Robinson,* 987 F.2d 665, 669 (10th Cir.1993).

### III. Discussion

Bankruptcy Rule 7004, governing service of process in bankruptcy court, requires that creditors initiating an adversary proceeding serve their complaint:

Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing copies of the summons and complaint to the debtor at the address shown in the petition ... *and,* if the debtor is represented by an attorney, to the attorney's post office address.

Bankruptcy Rule 7004(b)(9) (emphasis added). With respect to time restrictions for effectuating service, the bankruptcy rules incorporate the requirements of Fed.R.Civ.P. 4, as that rule existed in January 1990.[1] Bankruptcy Rules 7004(a) & (g).

■ Fed.R.Civ.P. Rule 4(j), as it appeared in January 1990, provides that if service of a summons and complaint is not made within 120 days after the filing of the complaint, "and the party on whose behalf such service was required *cannot show good cause* why such service was not made within that period," the action shall be dismissed without prejudice. *Id.* (emphasis added).[2] The "good cause" provision of the rule must be "read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit,* 13 F.3d 1436, 1438 (10th Cir.1994).

The Javureks offer three explanations for their service deficiencies. First, they contend that their service was not untimely because the Wadsworths' filing of a motion to dismiss for insufficient service tolled Rule 4(j)'s 120–day time limit. Second, they argue that even if their service was untimely, the defect is exculpated by their reliance on representations made by the bankruptcy court regarding the time remaining for effectuating service. Finally, they maintain that dismissal was inappropriate because Debtors had actual notice of the adversary complaint and suffered no prejudice from the lack of service. The court will address each issue in turn.

### A. Tolling

■ The Javureks contend that Rule 4(j)'s 120–day time limit for serving process was tolled upon the Wadsworths' filing of a motion to dismiss for insufficient service prior to the expiration of the 120 days. The Javureks raise this argument for the first time on appeal.

1. Rule 7004(g) provides that any amendments to Fed.R.Civ.P. 4 made after January 1990 are inapplicable to bankruptcy proceedings. Accordingly, this case is governed by Fed.R.Civ.P. 4(j), as that rule appeared in January 1990.

2. Under the 1993 amendments to Fed.R.Civ.P. 4, trial courts enjoy much further discretion. The

■ The failure to raise the tolling issue in the bankruptcy court does not preclude this court from addressing the matter on appeal. Indeed, when sitting as a court of review over the bankruptcy court, a district court has the discretion to consider any issue presented by the record, even if the bankruptcy court did not address the matter. *In re Weeks, Thomas & Lysaught, Chartered,* 97 B.R. 46, 46–47 (D.Kan.1988) (citing *In re Pizza of Haw., Inc.,* 761 F.2d 1374, 1379 (9th Cir.1985)).

■ As a general rule, however, a reviewing court will not consider arguments not passed upon below. *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *Tucker v. R.A. Hanson Co., Inc.,* 956 F.2d 215, 219 (10th Cir.1992). The court finds no reason to depart from this general rule in the case at bar. The Javureks had numerous opportunities to raise this issue before the bankruptcy court. At the conclusion of all three hearings held on the Wadsworths' motion to dismiss, Judge Flannagan invited all parties to submit additional briefing in opposition to the motion. The Javureks, however, failed to take advantage of the court's offers. Accordingly, this court declines to consider the Javureks' tolling argument for the first time on appeal.

### B. Untimely Service Based on Bankruptcy Court's Statements

■ Next, the Javureks argue that they have "good cause" for not timely serving the Wadsworths with process, based on the bankruptcy court's alleged statements during a July 21, 1993 telephone conference that the time for serving process had already expired. There is nothing in the record, however, to indicate that the court ever misled the Javureks on this issue. The court specifically referred to the July 21, 1993 telephone conference in its "Journal Entry and Order of Dismissal." (R. # 21 at 2 & 3). The statements contained therein indicate that, rather

revised version of Rule 4(j), codified at Rule 4(m), permits courts at their discretion to extend the time for effectuating service even if the plaintiff is unable to show good cause. *Espinoza v. United States,* 52 F.3d 838, 840–41 (10th Cir. 1995).

than misleading the Javureks in the conference, the court clarified for them that the time for service had not run out and that eight days remained in which service could be perfected. *Id.*

The Javureks' attempt to blame their untimely service on the bankruptcy court's statements is disingenuous. The Javureks had more than adequate notice of their service deficiencies after the Wadsworths filed a motion to dismiss on April 30, 1993. Indeed, the Javureks had nearly ninety days after receipt of this motion in which to examine the unambiguous terms of Bankruptcy Rule 7004(b)(9) and to effectuate service. They apparently did not consider the service issue, however, until the July 21, 1993 hearing, eight days before the 120–day time limit expired.

### C. Actual Notice of Pending Complaint

The Javureks further contend that strict compliance with the service requirements should be excused because the Wadsworths had actual notice of the lawsuit and suffered no prejudice from the lack of service. Actual notice, however, is not equivalent to a showing of "good cause." "The relevant standard under Rule 4(j) is not whether defendants do or do not have 'actual knowledge' of a suit in which they are named. The standard is whether plaintiffs have shown 'good cause' for their failure." *Despain*, 13 F.3d at 1439. Absent some showing of "good cause" on the part of Appellants, the fact that Debtors suffered no prejudice from the lack of service is equally irrelevant.

Because good cause is not defined in Rule 4(j), courts must determine whether good cause has been shown on a case by case basis.[3] A trial court's determination that the particular circumstances of an action do not demonstrate "good cause" is within the domain of the court's discretion, and such a conclusion will only be disturbed for an abuse of discretion. *Espinoza v. United States*, 52 F.3d at 840. A bankruptcy court abuses its discretion when it rests its conclusions on clearly erroneous factual findings or an incorrect legal standard. *In re Nursery Land*

*Dev., Inc.*, 91 F.3d 1414, 1415 (10th Cir.1996). The Javureks have not demonstrated that the bankruptcy court rested its decision on either of these improper bases. Indeed, the explanations which the Javureks advance to justify their service deficiencies are unpersuasive. This court, therefore, concludes that the bankruptcy court did not abuse its discretion in finding that no "good cause" existed for the Javureks' failure to serve process upon the Wadsworths within the relevant time period.

IT IS, THEREFORE, BY THE COURT ORDERED that the order of the bankruptcy court dismissing Appellants' adversary complaint against Debtors is affirmed.

**IT IS SO ORDERED.**

---

**3.** The Javureks urge the court to invoke the test set forth in *Jordan v. United States*, 694 F.2d 833 (D.C.Cir.1982), in determining whether "good cause" has been demonstrated. This test, however, only applies to suits against the federal government. *See Jones v. Frank*, 973 F.2d 872, 873 (10th Cir.1992).