In re: Herman T. LOVE, d/b/a Herman's Home Repair, d/b/a Love Construction Company, Debtor.

Leonard Dreier, III; and Tandy Dreier, Appellants,

v.

Herman T. Love, Appellee.

No. 00–5038.

United States Court of Appeals, Sixth Circuit.

Feb. 12, 2001.

Before WELLFORD, RYAN, and SUHRHEINRICH; Circuit Judges.

PER CURIAM.

Plaintiffs Leonard Dreier, III, and Tandy Dreier, husband and wife, appeal the district court's order affirming the bankruptcy court's decision dismissing without prejudice their Complaint against Defendant Herman T. Love for failure of service of process.

After Defendant filed for bankruptcy protection, Plaintiffs brought suit alleging that their judgment debt was not dischargeable. Various defective attempts were made to serve process in accordance with Federal Rule of Bankruptcy Procedure 7004(b)(9), and the bankruptcy court dismissed without prejudice Plaintiffs' suit for insufficiency of process. Plaintiffs argue this was error because the three-day late receipt of the Alias Summons by Defendant's attorney did not materially prejudice Defendant's substantial rights. Plaintiffs argue they had good cause for the defective service of process under Federal Rule of Civil Procedure 4(m), which is incorporated by reference into the Bankruptcy Rules, so that dismissal of their Complaint was improper. *See* Fed. R. Bankr.P. 7004(a). Alternatively, Plaintiffs argue that the defect in service resulted from excusable neglect under Federal Rule of Bankruptcy Procedure 9006(b)(1) so that their Complaint should not have been dismissed.

■ We recognize that dismissal without prejudice may be as harsh a remedy as dismissal with prejudice where, as here, the limitation period ended and Plaintiffs' suit is now time-barred. We also recognize that there is a strong preference for trials on the merits and that courts are generally loath to penalize litigants for the negligence of their attorneys. *See, e.g., Buck v. U.S. Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 608 (6th Cir. 1992) (expressing reluctance to uphold dismissals "merely to discipline an errant attorney because such a sanction deprives the client of his day in court"); *see also In re Pioneer Inv. Servs. Co*, 943 F.2d 673, 678 (6th Cir.1991); *INVST Fin. Group, Inc. v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 397–98, 400 (6th Cir.1987). Nevertheless, "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396–97, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (discussing extensions of time for excusable neglect under Fed. R. Bankr.P. 9006(b) and the agency relationship of clients and their attorneys) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

■ Here, not only did opposing counsel bring to the attention of Plaintiffs' counsel that service was not proper over one month before the time limit for service of process expired, but the bankruptcy court also gave Plaintiffs' counsel an opportunity to correct the defects. Although Plaintiffs' counsel represented to the court that he and co-counsel were familiar with the rules, they still failed to avail themselves of the opportunity to properly execute service of process.

Thus, we agree with the court below that dismissal was appropriate. After reviewing the briefs and hearing oral argument by Defendant,[1] we AFFIRM for the reasons stated by the district court. *See In re Love*, 242 B.R. 169 (E.D.Tenn.1999).

WELLFORD, Circuit Judge, concurring.

This is a hard case. In this situation involving omissions by plaintiffs' counsel with respect to representing the unsuccessful judgment creditor, we give considerable deference to the bankruptcy judge and to the district court. Time constraints have not been met and the federal rules were disregarded, unfortunately, in this case. We note that at the hearing on the default judgment, Overton stated, "We're not rookies at this; we have done this

---

1. We note for the record that, in addition to failing to comply with the rules for service of process, Plaintiffs' counsel waived their right to oral argument on appeal to this Court.

[followed the rules] in other courts." Perhaps the approach should rather have been to plead for sanctions or some lesser action by the court other than dismissal of his clients' cause of action despite the failure to serve process properly.

With some reluctance, I join in the opinion of this court.