# United States Court of Appeals

## For the First Circuit

No. 00-1375

IN RE SALEM SUEDE, INC.,

Debtor,

STEFANO PICCIOTTO, JUDITH PICCIOTTO, MELITA PICCIOTTO,
ATHENA PICCIOTTO, FOREIGN CAR CENTER AND JUAN NUNEZ,

Appellants,

v.

SALEM SUEDE, INC. AND TRAVELERS INDEMNITY COMPANY,

Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

Before

Boudin, Chief Judge,

Cyr, Senior Circuit Judge,

and Lipez, Circuit Judge.

Dana E. Casher, with whom Krulewich, Casher was on brief for
appellants.
Eric B. Hermanson, with whom John A. Nadas, Robert A. Kole,
and Choate, Hall & Stewart were on brief for appellees.

October 18, 2001

**CYR, <u>Senior Circuit Judge</u>.**   After disallowing appellants' motion to release the sealed transcript of a hearing during which references were made to a confidential settlement agreement, the bankruptcy court denied their motion for reconsideration as well.   The district court affirmed on intermediate review.   See <u>In re Salem Suede, Inc.</u> (<u>Foreign Car Ctr., Inc.</u> v. <u>The Travelers Indem. Co.</u>), 241 B.R. 780 (D. Mass. 1999).

Prior to oral argument, we were informed by counsel to The Travelers Indemnity Company ("Travelers" or "appellee") that the sealed transcript recently had been released by the bankruptcy court, notwithstanding the sealing order, in response to a Freedom of Information Act ("FOIA") request by appellants' counsel.   Accordingly, we directed that counsel address at oral argument whether the intervening release of the sealed transcript effectively mooted the instant appeal, <u>see</u> <u>U.S. Bancorp Mortgage Co.</u> v. <u>Bonner Mall P'ship</u>, 513 U.S. 18, 21-22 (1994), and, if so, whether the judgments entered below should be set aside.   We now remand to the bankruptcy court for further proceedings consistent with this opinion.

**I**

**<u>BACKGROUND</u>**

These chapter 11 reorganization proceedings were

commenced by Salem Suede on April 30, 1996, in the aftermath of the regulatory and financial difficulties brought about by environmental contamination at its leather processing plant and tannery in Peabody, Massachusetts. After the chapter 11 proceedings, Travelers commenced an action for interpleader in Massachusetts Superior Court to determine the rightful recipients of the Travelers insurance proceeds payable in connection with the aforementioned environmental contamination. Its complaint joined not only the judgment creditors (viz., appellants), but their respective counsel who had filed attorney liens against the Travelers insurance proceeds. These attorney-lien claims thus posed a barrier to disbursement of the Travelers insurance proceeds.

At oral argument, counsel expressed agreement that the present appeal has not been rendered moot by the release of the sealed transcript in response to the FOIA request.[1] For its part, Travelers urged that we affirm the denial of the motion to

---

[1]Prior to oral argument in this court, appellants circuitously obtained the sealed transcript through their FOIA request to the bankruptcy court clerk's office, see 5 U.S.C. § 552, where an administrative employee apparently released the transcript without realizing that it was under seal. Consequently, even though appellants now possess the transcript, their appeal is not moot, in that their subsequent use (as well as any future use) of the transcript in the state-court interpleader action arguably violated the extant sealing order and contravened the judgments presently on appeal. See Cruz v. Farquharson, 252 F.3d 530, 534 (1st Cir. 2001).

release the transcript, particularly since appellants' counsel had already submitted the sealed transcript in the related state-court interpleader action in apparent disregard of the sealing order. For their part, appellants correctly contended, as they had below, that the subject transcript was excluded from the scope of their motion to seal by the following language in the Confidentiality Agreement:

> 10. Confidentiality. Except as required by law or to effectuate the necessary judicial approvals, to gain releases of attorneys' liens, for submission by Travelers to its insurers, reinsurers or auditors, or to enforce the terms of this Agreement, the Parties will use best efforts to maintain the confidentiality of the settlement amount, the settlement agreement, this term sheet and the settlement amount, including but not limited to, jointly seeking approval of [sic] Bankruptcy Court to place under seal all settlement agreements and materials involving the parties who are signatories below.

(Emphasis added.) Thus, the consistent thrust of appellants' position from the outset has been that the Confidentiality Agreement expressly provides that the sealed transcript was to remain available for their use in securing "the necessary judicial approvals[] [and] to gain releases of attorneys' liens, for submission by Travelers to its insurers, reinsurers or auditors, or to enforce the terms of the[ir] [Security]

Agreement."

## II

## DISCUSSION

Notwithstanding the intermediate appeal to the district court, we <u>directly</u> review the bankruptcy court rulings which disallowed appellants' motions to define the scope of the sealing order as it pertains to the subject transcript. <u>See</u> <u>Stoehr</u> v. <u>Mohamed</u>, 244 F.3d 206, 208 (1st Cir. 2001). Absent either a mistake of law or an abuse of discretion, the bankruptcy court ruling must stand. <u>See</u> <u>Siedle</u> v. <u>Putnam Invs.,</u> <u>Inc.</u>, 147 F.3d 7, 10 (1st Cir. 1998). A bankruptcy court "may abuse its discretion by ignoring a material factor that deserves significant weight, relying on an improper factor, or, even if it [considered] only the proper mix of factors, by making a serious mistake in judgment." <u>Id.</u>

As the sealing order was granted by endorsement, without elaboration, its intent and scope must be gleaned from the motion to seal, in which appellants requested that the bankruptcy court seal —

> [a]ll <u>documents</u> <u>referring</u> either directly or indirectly <u>to</u> any of <u>the</u> <u>terms</u> and conditions <u>of</u> <u>the</u> <u>settlement</u> <u>agreement</u> entered into by the parties on January 6, 1999 (the "Settlement Agreement")[,] including but not limited to the settlement amount, <u>in</u> <u>accordance</u> <u>with</u> <u>the</u> <u>Confidentiality Provision</u> . . . <u>of</u> <u>the</u>

-6-

<u>Settlement Agreement</u>.

(Emphasis added).[2] The Confidentiality Provision in the Settlement Agreement stated:

> <u>Except</u> <u>as</u> <u>required</u> by law or to effectuate the necessary judicial approvals, <u>to</u> <u>gain</u> <u>releases</u> <u>of</u> <u>attorneys</u>' <u>liens</u>, <u>for</u> <u>submission</u> <u>by</u> <u>Travelers</u> <u>to</u> <u>its</u> <u>insurers</u>, <u>reinsurers</u> <u>or</u> <u>auditors</u>, <u>or</u> <u>to</u> <u>enforce</u> <u>the</u> <u>terms</u> <u>of</u> <u>this</u> <u>Agreement</u>, the Parties will use best efforts to maintain the confidentiality of the settlement amount, the settlement agreement, . . . the settlement terms, <u>including</u> but not limited to, <u>jointly</u> <u>seeking</u> <u>approval</u> <u>of</u> [the] <u>Bankruptcy</u> <u>Court</u> <u>to</u> <u>place</u> <u>under</u> <u>seal</u> <u>all</u> <u>settlement</u> <u>agreements</u> <u>and</u> <u>materials</u> <u>involving</u> <u>the</u> <u>parties</u> <u>who</u> <u>are</u> <u>signatories</u> <u>below</u>.

(Emphasis added.)

Appellants accordingly contend, as they did below, that all "documents" needed "to gain releases of attorneys' liens, for submission by Travelers to its insurers, reinsurers or auditors," were outside the scope of the sealing order. Thus, appellants correctly insist that the bankruptcy court abused its discretion by denying them permission to use the transcript in

---

[2]Since the motion to seal plainly reflects that the subject transcript was to have been excepted from the scope of the sealing order, as agreed by the parties, <u>see</u> <u>supra</u>, we simply assume <u>arguendo</u>, without deciding, that the hearing transcript is a "document." <u>See</u>, <u>e.g.</u>, <u>United States</u> v. <u>Antar</u>, 38 F.3d 1348, 1360 (3d Cir. 1994) ("Furthermore, at the most basic level, the transcript at issue is a <u>public</u> <u>judicial</u> <u>document</u>, covered by a presumptive right of access.") (emphasis added); <u>see generally</u> <u>Random House Dictionary of English Language</u>, at 578 (2d ed. unabridged) ("a legal or official paper").

their efforts to secure releases of the various attorneys' liens, absent which compliance with an essential term of the Settlement Agreement was impracticable.

We shall assume _arguendo_ that the courts below were entitled to make their own assessments as to whether appellants needed the transcript in the state-court proceeding. Even so, at the hearing before the bankruptcy judge the appellants did provide a fairly straightforward (if summary) statement of their need; namely, to counter allegedly mistaken representations being made in the state court about what had occurred in the bankruptcy proceedings. Not only was there no direct counter to appellants' explanation at the hearing, but in denying their request for the transcript the bankruptcy judge simply stated that appellants had joined in the original agreement to seal.

Although the bankruptcy court thereafter entered its margin order on the motion for reconsideration, stating that the need had not been adequately explained, it provided no explanation for its determination. Given the appellants' representation of need, their explanation, and the lack of a direct counter, it was an abuse of discretion not to permit appellants to use the transcript as contemplated by the confidentiality agreement.

Moreover, there is a strong common law presumption

favoring public access to judicial proceedings and records.  <u>FTC v. Standard Fin. Mgmt. Corp.</u>, 830 F.2d 404, 410 (1st Cir. 1987); <u>Siedle</u>, 147 F.3d at 9-10.  Accordingly, there may also be some question as to whether the blanket sealing order was granted without adequate consideration of the public interest in such access, regardless whether the parties to the settlement agreement mutually supported the sealing order.  However, given the confidentiality provision already discussed, it is unnecessary to pursue the public interest issue further in this case.  Rather, we mention it in order to flag the matter for consideration in future cases.

### III

### <u>CONCLUSION</u>

The case is remanded to the bankruptcy court with directions to release the subject transcript to appellants for use in the state-court proceedings pursuant to the confidentiality agreement.

**<u>SO</u> <u>ORDERED</u>.  <u>Appellee</u> <u>is</u> <u>to</u> <u>bear</u> <u>all</u> <u>costs</u>.**