Premier Capital v. DeCarolis          CV-01-126-M    01/04/02

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Premier Capital, Inc.
(Successor in Interest to the
Merchants National Bank of
Manchester),
        Appellant

        v.                                    Civil No. 01-126-M
                                              Opinion No. 2002 DNH 008
Philip V. DeCarolis,
        Appellee

**O R D E R**

Premier Capital, Inc. ("Premier") appeals a decision of the bankruptcy court (Vaughn, C.J.) dismissing its complaint against Philip V. DeCarolis ("DeCarolis"), debtor in an underlying bankruptcy proceeding. For the reasons given below, the decision of the bankruptcy court is affirmed.

**Standard of Review**

A bankruptcy court's findings of fact are not set aside unless clearly erroneous. Palmacci v. Umpierrez, 121 F.3d 781, 785 (1st Cir. 1997) (citing FED. R. BANKR. P. 8013; Commerce Bank & Trust Co. v. Burgess (In re Burgess), 955 F.2d 134, 137 (1st Cir. 1992); FED. R. CIV. P. 52(c), advisory committee's note to 1991

Amendment).  However, a "bankruptcy court's legal conclusions, drawn from the facts so found, are reviewed de novo."  Palmacci, 121 F.3d at 785 (citing Martin v. Bajgar (In re Bajgar), 104 F.3d 495, 497 (1st Cir. 1997)).

> Absent either a mistake of law or an abuse of discretion, the bankruptcy court ruling must stand. See Siedle v. Putnam Invs., Inc., 147 F.3d 7, 10 (1st Cir. 1998).  A bankruptcy court "may abuse its discretion by ignoring a material factor that deserves significant weight, relying on an improper factor, or, even if it [considered] only the proper mix of factors, by making a serious mistake in judgment."  Id.

Picciotto v. Salem Suede, Inc. (In re Salem Suede, Inc.), 268 F.3d 42, 44 (1st Cir. 2001).  "On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  FED. R. BANKR. P. 8013.

### Factual and Procedural Background

By complaint filed August 18, 2000, Premier initiated an adversary proceeding against DeCarolis and five other defendants. DeCarolis is the debtor in an underlying Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the District of New Hampshire (Case No. 00-11474-MWV).  On August 23, 2000,

the bankruptcy court issued a summons and notice of pretrial conference.  Once the summons was issued, Premier had ten days to serve it, FED. R. BANKR. P. 7004(e), but did not do so.

Sometime later, Premier retained new counsel.  When new counsel reviewed the file and realized that the August 23 summons had not been served within the time allotted by Rule 7004(e), counsel asked the bankruptcy court to issue an "alias summons," which it did on October 23, 2000.  Again, Premier had ten days from the date of issuance to serve the fresh summons.  At the time the second summons was issued, Premier's counsel did not know the addresses of two of the six defendants named in the complaint.  Counsel did know DeCarolis's address, however, as well as the addresses of three other defendants.  By November 8 – fifteen days after the alias summons was issued – Premier's counsel had obtained addresses for all six defendants, and, on that date, delivered all six summonses.

Thirteen days later, on November 21, 2000, DeCarolis moved the bankruptcy court to dismiss Premier's complaint for failure to serve the summons within the ten-day limit specified by FED.

3

R. BANKR. P. 7004(e).  In his motion, DeCarolis pointed out that "[f]ailure to serve Summons and Complaint within ten days under former Bankruptcy Rule 7004(e) justifies order of dismissal <u>with leave to obtain new summons</u>."  (Appellant's App. at 15 (emphasis added).)  Premier objected to the motion to dismiss on grounds that it had "good cause" for failing to meet the ten-day deadline.  But, inexplicably, Premier did not attempt to obtain or serve yet another summons (<u>i.e.</u>, a second alias summons, which would have been the third, overall) within the ten days required by Rule 7004(e).

By motion filed January 8, 2001 – while his previous motion to dismiss was still pending before the bankruptcy court – DeCarolis again sought dismissal of Premier's complaint, on the additional ground of failure to serve the summons within the 120 days allowed by FED. R. CIV. P. 4(m).  The bankruptcy court held a hearing on DeCarolis's motions on February 20, 2001.  At that hearing, counsel for Premier told the court that "we do admit that the summons and complaint was [sic] served fifteen days after issuance . . . ."  (Appellant's App. at 79.)  But Premier's

4

counsel argued that service had nevertheless been made within the 120-day limit prescribed by Rule 4(m), explaining that

> the debtor had filed a motion to dismiss for failure to serve within the ten days. We didn't request a new summons be issued because that was still pending before the Court, and we weren't sure if the Court would require a new summons to be issued or just grant the debtor further time to answer, since the reason for the motion to dismiss was allegedly that they didn't have enough time to respond. They never requested an extension from us, which would have been aptly granted if that were the reason for the motion to dismiss.
>
> For these – for that reason, Your Honor, under Rule 7004(e), which is the one that applies in this case, which is the failure to serve within ten days, it requires that the Court shall issue a new summons, not that the case be dismissed.

(Id. at 80-81.) When asked by Chief Judge Vaughn why she did not simply obtain a second alias summons upon receipt of DeCarolis's first motion to dismiss, Premier's counsel stated:

> Your Honor, I was under the assumption I had to wait for that to be adjudicated. I got the summons and I promptly recognized that we were after the ten days when I got the notice [of DeCarolis's first motion to dismiss], and I looked at it and said, "Okay, the Rule says the Court has to issue a new summons, or, perhaps the Court's going to give further time to answer, because they're concerned they don't have enough time." So I thought I had to wait until the hearing on that first motion to dismiss before I could request a new summons because it hadn't been adjudicated.

5

(Id. at 83.)  The colloquy between Chief Judge Vaughn and Premier's counsel continued:

        THE COURT:  But even when you got the alias –

        MR. [sic] BANKOWSKI:  – and we served it.

        THE COURT:  – summons, that was not served within the ten days.

        MR. [sic] BANKOWSKI:  Right.

        THE COURT:  There's no question about it.

        MR. [sic] BANKOWSKI:  That's true.  There's no question, Your Honor.  That's true.  And we looked at the Rule and we said, "That's right, we didn't serve it within the ten days," so the Court is required to issue a new summons.  We also looked at Rule 7004 [sic] and said, "Well, we did serve in the 120 days, so we're all set with Rule 120. (sic)"

        THE COURT:  The Court's only required to issue a new summons when somebody requests it.

        MR. [sic] BANKOWSKI:  Right.  And I thought as soon as the Court adjudicated on the first motion to dismiss that the Court would issue the new summons or else just extend the time for service, and that hearing was coming up on January 9th, which is what we were waiting for was that hearing, Your Honor.  I don't believe that we delayed, and I think there's – if for some reason the Court thinks we didn't serve in the 120 days, we had good cause, because our reading of the Rules also have [sic] been recognized by the Bankruptcy Court in Connecticut that that 120-day rule is separate and distinct from Rule 7004(e).

        THE COURT:  All these cases are factual and are discretionary on the matter of the Court.

6

MR. [sic] BANKOWSKI: That's right.

. . .

THE COURT: I understand your argument.

MR. [sic] BANKOWSKI: Okay. If the Court for some reason believes that the 120-day rule applies, we still think there's good cause exists [sic] for extending the time for service. There's a meritorious complaint here, which would be barred if the Court chose to dismiss this case, and that alone can be reason for the Court not exercising its discretion to dismiss the case, aside from the fact that we do have good cause in this case. If you look at the – I believe it's the Third Circuit case – yes, KCV Casale from Pennsylvania, which cites the Third Circuit case of Pettruccelli v. Boeringer and Ratsinger (phonetic). The Court recognized in that case that the counsel there at all didn't have good cause. They just failed to serve, which was wholly separate from this case; however, the case shouldn't be dismissed when there is a meritorious case, so it would be time-barred as a result of the dismissal.

(Id. at 84-87.) The bankruptcy court granted DeCarolis's motion to dismiss, ruling from the bench, as follows:

Well, Ms. Bankowski, you haven't convinced me. I'm going to grant the motion to dismiss. I don't believe there was a valid service of the summons. I believe under the Rule 7004 that it's – the requirement is on you or your client to show good cause under 7004(m) [sic] for failure to make the service within the 120 days. I disagree with the – your argument that, in fact, even though you didn't get an alias summons after the ten days had expired on your first alias summons, that since it was served, that would comply with the 120-day rule. I don't believe it *does*

7

comply with the 120-day rule, and from what I've heard here today I'm not convinced there was good cause for the failure to serve it.

As I think I've indicated, for the life of me, I don't understand when Mr. Askenaizer [DeCarolis's counsel] filed the first motion to dismiss on November 21st, when it was clear that there were still 28, 29 days left to get an alias summons and make (End of Tape #1. Tape # 2 continues without interruption as follows): service with [sic] 120 days, at least upon a defendant that you knew where he was located. And there's no question that if you had made proper service on this defendant and not the others, the complaint would have gone forward against this defendant, while service may not have been completed with respect to the other defendants. You don't necessarily have to serve them all to get proper service on one. And under 704 – 7004(m) [sic], the burden is to show just cause.

I know that prejudice is sometimes taken into consideration, but in this particular fact situation where service could have been made within the 120-day period, proper service with a new alias summons after the first one had expired, and that wasn't done, I'm not convinced there was good cause for me to extend the time at this point in time for new service on this defendant. We've been here a number of times. This matter has to go forward. The debtor is entitled to a speedy resolution of both objections to discharge and exceptions to discharge.

For all of those reasons I am going to grant the motion to dismiss.

(Id. at 92-93.)

**Discussion**

Premier says the bankruptcy court's decision should be reversed because: (1) service of the summons and complaint was in fact made within the 120 days required by the Federal Rules of Civil Procedure, as incorporated into the Federal Rules of Bankruptcy Procedure; and (2) in the alternative, the bankruptcy court abused its discretion when it: (a) declined to find good cause for Premier's failure to meet the 120-day deadline; and (b) failed to extend the 120-day deadline, even in the absence of good cause.

I.   The Relevant Law

The service requirements for complaints in adversary proceedings in bankruptcy court are set out in the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Federal Rules of Civil Procedure ("Rules of Civil Procedure"), which must be read in combination. See Oyama v. Sheehan (In re Sheehan), 253 F.3d 507, 512 (9th Cir. 2001). Under the Bankruptcy Rules, "Rule 4(a), (b), (c)(1), (d)(1), (e)-(j), (l), and (m) FR Civ P [sic] applies in adversary proceedings." FED. R. BANKR. P. 7004(a). The Bankruptcy Rules also provide, in relevant part:

9

**Summons: Time Limit for Service Within the United States.** Service made under Rule 4(e), (g), (h)(1), (i), or (j)(2) F.R.Civ.P. [sic] shall be by delivery of the summons and complaint within 10 days after the summons is issued. If service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 10 days after the summons is issued. If a summons is not timely delivered or mailed, another summons shall be issued and served. . . .

FED. R. BANKR. P. 7004(e). In addition, the Bankruptcy Rules provide:

. . . Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

FED. R. BANKR. P. 9006(b)(1). Finally, the Federal Rules of Civil Procedure provide, in relevant part:

**Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice

10

> as to that defendant or direct that service be effected
> within a specified time; provided that if the plaintiff
> shows good cause for the failure, the court shall
> extend the time for service for an appropriate period.
> . . .

FED. R. CIV. P. 4(m).


## II.  Service Within 120 Days

Premier argues that even though the delivery it made on November 8 did not constitute effective service under FED. R. BANKR. P. 7004(e), it <u>was</u> effective service for purposes FED. R. CIV. P. 4(m).  In other words, Premier claims that it properly served its summons and complaint upon DeCarolis well in advance of the 120-day deadline specified by Rule 4(m) (which fell on December 18, 2000), albeit not within ten days of issuance of the summons.  On that basis, Premier contends that the bankruptcy court committed legal error when it dismissed the complaint for failure to meet the 120-day deadline.  DeCarolis, obviously, contends that Premier's delivery of the summons and complaint was a nullity under: (1) FED. R. BANKR. P. 7004(e), because it was not served within ten days of issuance; and (2) FED. R. CIV. P. 4(m), because no service that met the requirements of FED. R. BANKR. P. 7004(e) was made within 120 days after the complaint was filed.

11

Plainly, the summons and complaint were "delivered" to DeCarolis by November 8, the date on which Premier placed these documents in the mail (Appellant's App. at 52). See FED. R. BANKR. P. 7004(b)(1) (allowing service by first-class mail, in addition to the forms of service authorized by FED. R. CIV. P. 4(e)-(j)). The question before this court, however, is whether that delivery, which did not constitute effective service under FED. R. BANKR. P. 7004(e), nevertheless constituted service within 120 days for purposes of FED. R. CIV. P. 4(m).

Premier relies upon Union Trust Co. v. Anderson (In re Anderson), 179 B.R. 401, 407 (Bankr. D. Conn. 1995), for the proposition that FED. R. CIV. P. 4(m) "reserves its harsh result for those instances where there is a complete lack of 'service . . . upon' a defendant, not merely a circumstance where, although actually served, a defendant is afforded insufficient time to plead." However, the "rule" Premier seeks to invoke was labeled, in several different ways, as dictum. Id. at 407, 408.[1] Thus,

---

[1] Specifically, the court wrote: "Though not critical to its ruling given the foregoing findings of 'good cause' and 'waiver' under Rule 4(j), this Court's decision may be supportable also by a legal conclusion that Rule 4(j) [current Rule 4(m)] is simply not applicable to the facts of this case." In re Anderson, 179 B.R. at 407 (emphasis added). The court continued in the same

12

Premier's authority for the proposition that ineffective service under FED. R. BANKR. P. 7004(e) can, nevertheless, be effective service under FED. R. CIV. P. 4(m) is less than a "holding" and, as nonbinding precedent, is helpful only to the extent the analysis is persuasive.

DeCarolis, on the other hand, relies upon <u>Dreier v. Love</u> (<u>In re Love</u>), 232 B.R. 373 (Bankr. E.D. Tenn. 1999), <u>aff'd</u> 242 B.R. 169 (E.D. Tenn 1999) <u>and</u> 3 Fed. Appx. 497 (6th Cir. 2001). In that case, plaintiffs in an adversary proceeding served an alias summons and a copy of the complaint on the debtor/defendant within the ten days prescribed by FED. R. BANKR. P. 7004(e), but failed to serve those documents on the debtor/defendant's

---

vein: (1) "<u>Arguably</u>, by its terms, Rule 4(j) reserves its harsh result . . .," <u>id.</u> (emphasis added); and (2) "<u>Arguably</u>, the Court could conclude that the concept of 'service' in Rule 4(j) encompasses an instance of 'service' completed in an appropriate manner, albeit <u>tardily</u> under the standard of Fed.R.Bank.P. 7004(f)," <u>id.</u> (emphasis on "arguably" added). Finally, the <u>In re Anderson</u> court concluded its discussion in the following way:

> However, as noted <u>supra</u>, given the Court's findings of "good cause" and waiver, <u>a formal ruling on this legal question is unnecessary</u> to this Court's decision on the instant motions. Therefore, <u>the Court declines to so rule</u> at this time.

<u>Id.</u> at 408 (emphasis added).

attorney, as required by FED. R. BANKR. P. 7004(b)(9).  Ruling on the debtor/defendant's motion to dismiss, the bankruptcy court held:

> Because the Plaintiffs did not serve the Debtor's attorney with the October 20, 1998 Alias Summons and a copy of the "complaint" as required by Rule 7004(b)(9), their attempted service upon the debtor was ineffective.  Thus, the Plaintiffs failed to timely serve the Debtor under Rule 4(m).

In re Love, 232 B.R. at 378.  In re Love deems proper service under FED. R. BANKR. P. 7004(e) to be a prerequisite for timely service under FED. R. CIV. P. 4(m).  Like In re Anderson, In re Love is not binding, but that case does carry somewhat more persuasive value, given its decisional quality.

Premier distinguishes In re Love on the basis that that case, unlike this one, involved a complete failure to serve a required "party" (i.e., counsel for the debtor/defendant), rather than just a failure to serve in a timely manner.  Leaving aside whether counsel qualifies as "a party" who must be served, to the extent Premier distinguishes In re Love based upon the fact that DeCarolis, unlike the debtor's attorney in In re Love, had actual notice of the complaint, Premier's argument is unpersuasive.  See

14

Meganck v. Couts (In re Couts), 188 B.R. 949, 953 (Bankr. E.D. Mich. 1995) ("actual knowledge of a suit is not a substitute for proper service of process and does not cure a technically defective service of process") (citing Friedman v. Estate of Presser, 929 F.2d 1151, 1155-56 (6th Cir. 1991)); see also 1 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 4.03[3][a] (3rd ed. 2000) ("Generally, independent knowledge by defendant that an action has been commenced is insufficient, in the absence of proper service of process, to confer jurisdiction over defendant."); cf. Javurek v. Wadsworth (In re Wadsworth) 200 B.R. 915, 919 (D. Kan. 1996) (explaining that defendant's actual notice of suit "is not equivalent to a showing of 'good cause'" for failure to timely serve).

Indeed, untimely delivery, even when made to all persons who must be served, is insufficient to constitute valid service. See Ruthe v. Dohring (In re Dohring), 245 B.R. 262, 263 (Bankr. N.D. Tex. 2000) ("The summons, as served, was expired and therefore service of it was a nullity and should be quashed."). While the bankruptcy court in In re Dohring ultimately granted plaintiff an additional thirty days to effect service, it did so only after

15

ruling that plaintiff's attempted service, which was untimely under FED. R. BANKR. P. 7004(e), was also ineffective under FED. R. CIV. P. 4(m). The court merely found good cause for plaintiff's failure to serve within 120 days and granted discretionary relief.

The practical goal to be achieved by the clumsy linkage of FED. R. BANKR. P. 7004(e) and FED. R. CIV. P. 4(m) is probably deducible, but swift processing of adversary proceedings is not a necessary result.[2] The court's obligation, however, is to read the Bankruptcy Rules and the Rules of Civil Procedure in combination. See In re Sheehan, 253 F.3d at 512. As between the

---

[2] Apparently, service within ten days of the summons' issuance is intended to afford a defendant in a bankruptcy adversary proceeding the familiar twenty days in which to respond (i.e., defendant must respond within thirty days of issuance of the summons, which must be served within ten days of issuance, resulting in at least twenty days to respond). See In re Anderson, 179 B.R. at 404 n.4. It might be easier, and far less complex, to simply afford twenty days to respond, calculated from the date of service, and to require service within 120 days of filing the complaint. Of course, under the current combination of rules, 120 days is allowed for service of the summons in a bankruptcy adversary proceeding, so long as the summons is also served within ten days of issuance. Thus, while plaintiff must serve the complaint and summons within ten days of issuance of the summons, he or she can apparently wait until the 119th day after filing the complaint to obtain and properly serve an alias summons.

rule urged by Premier (late service under FED. R. BANKR. P. 7004(e) constitutes timely service under FED. R. CIV. P. 4(m)) and the rule urged by DeCarolis (effective service under FED. R. CIV. P. 4(m) requires proper service under FED. R. BANKR. P. 7004(e)), the better rule is that service within 120 days under FED. R. CIV. P. 4(m), in a bankruptcy adversary proceeding, means proper service under FED. R. BANKR. P. 7004(e) within 120 days of filing the complaint. That is, a defendant must be served within ten days of the issuance of the summons, and within 120 days of the filing of the complaint. Here the summons and complaint were served within 120 days of the filing of the complaint, but more than ten days after the alias summons was issued. Accordingly, service was ineffective under both FED. R. BANKR. P. 7004(e) and FED. R. CIV. P. 4(m).

III. <u>Failure to Grant an Extension</u>

Premier next argues that even if it failed to serve DeCarolis within the time limit prescribed by FED. R. CIV. P. 4(m), the bankruptcy court abused its discretion by: (1) failing to find good cause for its failure to serve; and (2) failing to

exercise its prerogative to grant a permissive extension of the 120-day limit even in the absence of good cause.

There are three means by which a plaintiff might be granted relief from failure to meet the 120-day service deadline. First, "if the plaintiff shows good cause for the failure [to serve within 120 days], the court shall extend the time for service for an appropriate period." FED. R. CIV. P. 4(m) (emphasis added); see also In re Sheehan, 253 F.3d at 512 ("upon a showing of good cause for the defective service, the court must extend the time period [for service]") (citing FED. R. CIV. P. 4(m); Petrucelli v. Bohringer & Ratzinger, GmbH, 46 F.3d 1298, 1305 (3rd Cir. 1995)). "The determination of whether good cause exists to justify such a failure is entirely within the Court's discretion." Kadlecek v. Ferguson (In re Ferguson), 204 B.R. 202, 207 (Bankr. N.D. Ill. 1997) (citing Floyd v. United States, 900 F.2d 1045, 1046 (10th Cir. 1990); Attorney Reg. & Discp. Comm'n of the Superior. Ct. of Ill. v. Betts (In re Betts), 142 B.R. 819, 825 (Bankr. N.D. Ill. 1992)); Artificial Intel. Corp. v. Casey, (In re Casey), 193 B.R. 942, 946 (Bankr. S.D. Cal. 1996) (citing Cartage Pac. Co. v. Waldner (In re Waldner), 183 B.R. 879, 881 (B.A.P. 9th Cir.

18

1995)).  "Second, if there is no good cause [for defective service], the court has the discretion to dismiss without prejudice or to extend the time period."  In re Sheehan, 253 F.3d at 512 (citing Petrucelli, 46 F.3d at 1305).  Third, an extension of the 120-day deadline may also be granted, when plaintiff moves for such relief after the deadline has passed, under the excusable neglect standard of FED. R. BANKR. P. 9006(b).  See, e.g., In re Sheehan, 253 F.3d at 513; In re Love, 232 B.R. at 380; In re Ferguson, 204 B.R. at 209; In re Casey, 193 B.R. at 946.  That decision, as well, is within the discretion of the court.  See FED. R. BANKR. P. 9006(b)(1).

A.    Good Cause Under FED. R. CIV. P. 4(m)

In this case, the bankruptcy court explicitly determined that: (1) Premier failed to effectively serve DeCarolis within 120 days of filing its complaint; and (2) Premier did not demonstrate good cause for that failure.  On appeal, Premier says good cause was established by: (1) its diligent attempts to serve DeCarolis; (2) its beliefs that: (a) it had made effective service for purposes of FED. R. CIV. P. 4(m); and (b) it should not – or could not – re-serve DeCarolis while his first motion to

19

dismiss was pending; and (3) the lack of prejudice to DeCarolis should the period be extended.

In granting the motion to dismiss, the bankruptcy court placed considerable emphasis on Premier's failure to re-serve DeCarolis, even after he alerted Premier to the defect in its attempted service.[3]  Because Premier's failure to make service was based upon its misunderstanding of the Bankruptcy Rules, and concomitant inaction, the bankruptcy court cannot be said to have abused its discretion in declining to find good cause for Premier's failure to serve DeCarolis.[4]  See In re Ferguson, 204

---

[3] While evasion of service, In re Casey, 193 B.R. at 946 (citation omitted), or some other conduct that thwarted attempted service might bolster a claim of good cause for failure to serve, the record in this case discloses exactly the opposite: DeCarolis took at least one step – specifically pointing out Premier's defective service, with time left in the service period – that should have facilitated timely service, had Premier chosen to act on the information it was provided.

As in In re Love, Premier, "with ample time to do so [as a result of DeCarolis's promptly filed motion to dismiss], took no action to have another alias summons issued in order that [it] might timely effectuate service in the proper manner [and] showed no diligence in [its] efforts to serve [DeCarolis] within the 120-day time period."  232 B.R. at 380.

[4] Premier's decision not to attempt re-service was based upon at least four legal errors.  First, it mistakenly believed that its attempted service, while ineffective under FED. R. BANKR. P. 7004(e), was effective under FED. R. CIV. P. 4(m).  That understanding of FED. R. CIV. P. 4(m) was legally incorrect, for

20

B.R. at 208 ("ignorance of the service requirements, although certainly an explanation for defective service, is not an excuse") (citing Tuke v. United States, 76 F.3d 155, 156 (7th Cir. 1996)); In re Casey, 193 B.R. at 946 ("A mistaken assumption or mere inadvertence does not establish good cause.") (citations omitted); Broitman v. Kirkland (In re Kirkland), 86 F.3d 172, (10th Cir. 1996) ("Mistake of counsel or ignorance of the rules . . . usually do not suffice [to establish good cause].") (citing Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987); Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1439 (10th Cir.

reasons already given. Second, Premier believed that it was barred from re-serving DeCarolis while the bankruptcy court was considering his first motion to dismiss. Premier cites no authority for that proposition, and the court is aware of none. Third, Premier believed that the court might, sua sponte, order the issuance of a second alias summons, in response to DeCarolis's first motion to dismiss. Again, Premier cites no legal basis for that belief. Fourth, Premier believed that instead of directing it to obtain and serve a new alias summons, the bankruptcy court might simply grant DeCarolis additional time to reply to the summons that had been ineffectively served on November 8. However, both FED. R. BANKR. P. 7004(e) and relevant precedent make clear that the exclusive cure for defective service, when recognized within the 120-day service period, is re-service. See, e.g., Campbell v. Castelo (In re Campbell) 105 B.R. 19, 21 (B.A.P. 9th Cir. 1989) ("Bankruptcy Rule 7004(f) [now Rule 7004(e)] does not limit the number of summonses a plaintiff may receive for the purposes of curing defective service.") (citing Sanghui v. Alpha Omega Travel, Ltd. (In re Terzian), 75 B.R. 923, 926 (Bankr. S.D.N.Y. 1987); Client's Security Fund of N.Y. v. Dahowski (In re Dahowski), 48 B.R. 877, 881 (Bankr. S.D.N.Y. 1985)).

1994)); In re Love, 232 B.R. at 380 (finding no good cause for failure to serve within 120 days when defendant informed plaintiff of defective service with thirty-four days left in service period, and plaintiff made no attempt to re-serve).

B.      Permissive Extension Under FED. R. CIV. P. 4(m)

It is not readily apparent from the transcript of the hearing on DeCarolis's motion to dismiss that the bankruptcy court separately considered a permissive extension of the time for service.  It is, however, apparent that the bankruptcy judge was not inclined to grant discretionary relief under the circumstances.  Declining to permissively extend the time for service also did not constitute an abuse of discretion.

While the bankruptcy court did not explicitly state that it considered extending the time for service, notwithstanding its determination that Premier had not shown good cause, the transcript does disclose that counsel for both parties raised the good cause standard and also argued that the court could extend the time for service even absent a showing of good cause.  (See Appellant's App. at 74, 86-87.)  Therefore, it cannot be said

22

that the bankruptcy judge was unmindful of the option of his power to grant a permissive extension when he decided to dismiss Premier's complaint. Because the record discloses that the bankruptcy court was aware of its ability to grant an extension even in the absence of good cause, and given that court's wide latitude in deciding whether to grant such an extension, see In re Sheehan, 253 F.3d at 513 (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 400 (1990)), the bankruptcy court did not abuse its discretion in failing to permissively extend the time to perfect service, under the circumstances it found to exist.[5]

---

[5] While Premier correctly points out that "the running of the limitations statute alone could be reason to extend time for service," Casey, 223 B.R. at 884 (citing Petrucelli, 46 F.3d at 1306 n.8) (emphasis added); see also In re Ferguson, 204 B.R. at 209 (citing FED. R. CIV. P. 4(m), advisory committee notes, 1993 Amendments); Barr v. Barr (In re Barr), 217 B.R. 626, 629 (Bankr. W.D. Wash. 1998)), the Casey court's decision that a bankruptcy court would not necessarily abuse its discretion by granting an extension based exclusively upon the running of the statute of limitations does not, of course, mean that a court would abuse its discretion should it decide not to extend time for service under such circumstances.

> The running of the statute of limitations does not require that a district court extend the time for service of process under [FED. R. CIV. P. 4(m)]. Petrucelli, 46 F.3d at 1306. Rather, absent a finding of good cause, a district court may in its discretion still dismiss a case even after considering that the statute of limitations has run.

Panaras, 94 F.3d at 341.

According to the advisory committee notes to the 1993 amendments to the Federal Rules of Civil Procedure, an extension of the 120-day deadline, even without good cause, "may be justified . . . if the defendant is evading service or conceals a defect in attempted service."  In such a circumstance, a court would be justified in exercising its discretion to grant a permissive extension to a diligent plaintiff who has been unable to serve a wily defendant.  See, e.g., In re Barr, 217 B.R. at 631 (granting plaintiff, who failed to show good cause, additional thirty days to serve defendant "who took no action to advise the Plaintiff of the defect in service"); cf. In re Anderson, 179 B.R. at 406-07 (determining that plaintiff had good cause for failing to serve defendant who knew service was defective, but did not challenge service until after the 120-day service period ran, seeking instead "to reap a technical windfall by [its] inertia", by filing motion to vacate default granted to plaintiff); In re Couts, 188 B.R. at 953 (denying defendant's motion to vacate default judgment based upon defective service of process when defendant knew that service was defective and made tactical decision to move for dismissal, after service period had run and plaintiff had secured default judgment).

24

But this case presents the mirror image of In re Barr. Here, DeCarolis did not conceal the defect in Premier's attempted service, but, like the debtor in In re Love, 232 B.R. at 380, promptly informed Premier of the service defect well before the 120-day service period had run, despite having no obligation to do so, see In re Ferguson, 204 B.R. at 209 ("Debtor's counsel had no obligation to inform Plaintiff of the rules"). And Premier, rather than obtaining and serving a second alias summons, sat back under the erroneous assumptions that: (1) it could not or should not obtain and serve another summons while DeCarolis's motion to dismiss was pending; (2) the court might, sua sponte, order the issuance of another summons; and (3) rather than ordering the issuance of another summons, the court might simply extend the time for DeCarolis's response to what Premier then recognized as an improperly served complaint. (Premier's failure to re-serve DeCarolis is especially striking given its concession that it knew, as soon as DeCarolis filed his first motion to dismiss, that its attempt at service was ineffective, at least under FED. R. BANKR. P. 7004(e). See In re Love, 232 B.R. at 380 (deciding not to exercise discretion to grant permissive extension in part because plaintiff's counsel acknowledged

25

familiarity with bankruptcy rule under which service was found to be ineffective).) Because Premier did not fulfill its obligation "to use diligence in making service of process," In re Campbell, 105 B.R. at 21 (citations omitted), even after DeCarolis identified the defect in service when that defect was eminently correctable as of right, under FED. R. BANKR. P. 7004(e), the bankruptcy court's decision not to grant Premier additional time to properly serve DeCarolis cannot be deemed an abuse of its discretion. The question, of course, is not whether a different judge might have granted an extension, but whether it was an abuse of discretion for the bankruptcy judge in this case not to have done so.

C. Excusable Neglect Under FED. R. BANK. P. 9006(b)

As previously noted, a bankruptcy court may grant an extension of the 120-day deadline, on plaintiff's motion, under FED. R. BANKR. P. 9006(b), upon a showing of excusable neglect. See In re Sheehan, 253 F.3d at 513. Here, however, Premier made no such motion. Thus, the bankruptcy court had no cause to consider an extension based upon excusable neglect, and that issue is not before this court. In any event, it would appear

26

unlikely that Premier could meet the excusable neglect standard, given that: (1) the only excuses proffered for its failure to effectively serve DeCarolis are the various mistakes described in footnote four; and (2) "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," Graphic Communications Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 6 (1st Cir. 2001) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993)).

## Conclusion

Because the bankruptcy court did not err in concluding that DeCarolis was not properly served within 120 days, and because the court did not abuse its discretion in failing to grant an extension of the 120-day service deadline, the decision of the bankruptcy court is affirmed.

**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

January 4, 2002

cc:  Michael S. Askenaizer, Esq.
     Carolyn A. Bankowski, Esq.
     Edward R. Hayes, Esq.
     Edmond J. Ford, Esq.
     Nancy H. Michels, Esq.
     James V. DeCarolis
     Estate of James V. DeCarolis
     Donald C. Crandlemire, Esq.
     George Vannah, US Bankruptcy Court